## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

TRACY MCPHERSON, on behalf of
himself and all others similarly situated,

v.

AMERICAN BANK SYSTEMS, INC.

Civil Action No. 5:20-cv-01307-G

## DEFENDANT AMERICAN BANK SYSTEM, INC.'S
## MOTION TO DISMISS PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) & 12(b)(6)

Defendant American Bank System, Inc. ("ABS"), by and through undersigned counsel, hereby moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Plaintiff's Complaint. In support thereof, ABS relies upon the accompanying Memorandum of Law, which is incorporated herein by reference.

Dated: January 26, 2021

Respectfully submitted,
*s/Kyle Sweet*
Kyle Sweet, OBA # 17711
SWEET LAW FIRM
24 West Park Place
Oklahoma City, OK 73103
kyle@sweetlawfirm.com

# Table of Contents

I.    INTRODUCTION ....................................................................................... 1

II.    FACTUAL ALLEGATIONS ...................................................................... 2

III.    ARGUMENT ............................................................................................... 4

  A.  Plaintiff Lacks Article III Standing to Pursue His Claims................................. 4

    1.  Plaintiff Has the Burden to Show that Standing Exists. .................................. 4

    2.  Standing Requires an Injury-In-Fact that is Actual or "Clearly Impending." ........................................................................................................ 5

    3.  Apprehension of Future Injury Without More Does Not Create  Standing .. 6

  B.  PLAINTIFF HAS FAILED TO STATE A VALID CLAIM FOR  RELIEF. ... 8

    1.  Plaintiff Fails to State a Claim for Violations of Oklahoma's  Consumer Protection Act, 15 Okla. Stat. Ann. § 751, *et. seq* ................................................ 9

    2.  Plaintiff Fails To State A Claim for Negligence ............................................. 14

    3.  Plaintiff Fails To State A Claim for Negligence Per Se ................................. 16

    4.  Plaintiff Fails to State a Claim for Unjust Enrichment.................................. 20

    5.  Plaintiff Fails To State A Claim for Declaratory Judgment.......................... 21

IV.    CONCLUSION ........................................................................................ 25

# Table of Authorities

**Cases**

*Aetna Life Ins. v. Haworth*, 300 U.S. 227 (1937) ................................................ 22

*Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1299 (N.D. Okla. 2000) ........ 14, 19

*Alonso v. Blue Sky Resorts, LLC*, 179 F. Supp. 3d 857 (S.D. Ind.  2016) ......................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 9

*Ashwander v. Tenn. Valley Authority*, 297 U.S. 288 (1936) .................................... 22

*Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289 (1979) ............................ 6

*Beck v. McDonald*, 848 F.3d 262, 267 (4th Cir. 2017) ............................................ 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) ............................................ 8

*Blunt v. Lower Merion Sch. Dist.,* 767 F. 3d 247 (3d Cir. 2014) ............................... 5

*Burgin v. Leach*, 320 P.3d 33 (Okla. Civ. App. 2014) ............................................ 16

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416, 113 S. Ct. 1138 (2013) ................ 5, 6, 7

*Comer v. Preferred Risk Mut. Ins. Co.*, 991 P.2d 1006 (Okla.1999) ......................... 14

*Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286 (3d Cir. 2005) ........................ 5

*Duqum v. Scottrade*, No. 15-cv-1537, 2016 WL 3683001 (E.D. Mo. July 12, 2016) 7

*Eastern Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175 (4th Cir. 2000) .......... 9

*Fox v. Iowa Health System*, 399 F. Supp. 3d 780 (W.D. Wis. 2019) .......................... 24

*Gordon v. Chipotle Mexican Grill, Inc.,* 2018 WL 3653173 (D. Colo. Aug. 1, 2018)*, report and recommendation adopted in part, rejected in part,* 344 F. Supp. 3d 1231 (D. Colo. 2018) .................................................................................................... 18

*Gratz v. Bollinger*, 539 U.S. 244 (2003) ................................................................ 7

*Green v. eBay*, Inc., Civ. No. 14-1688, 2015 WL 2066531 (E.D. La. May 4, 2015) ... 7, 15

*Harrison v. Leviton Mfg. Co.*, 2006 WL 2990524 (N.D. Okla. Oct. 19, 2006) ............... 14

*Harvell v. Goodyear Tire & Rubber Co.,* 164 P.3d 1028 (Okla. 2006) ...................... 10, 20

*Howard v. Zimmer, Inc.*, 299 P.3d 463 (Okla. 2013) ............................................ 17

*In re Barnes & Noble Pin Pad Litig.*, No. 12-cv-8617, 2013 WL 4759588, \*2 (N.D. Ill. Sept. 3, 2013) .................................................................................................... 7

*In re Sci. Applications Int'l (SAIC)Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14 (D.D.C. 2014) .................................................................................................... 7, 15

*Kimbriel v. ABB, Inc.*, No. 5:19-CV-215-BO, 2019 WL 4861168 (E.D.N.C. Oct. 1, 2019) .................................................................................................... 7, 15

*Kittles v. Harav, L.L.C.*, No. CIV-18-720-D, 2020 WL 1159396 (W.D. Okla. Mar. 10, 2020) .................................................................................................... 19

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) ...................................... 5

Krug v. Helmerich & Payne, Inc., 320 P.3d 1012 (Okla. 2013) ................................ 20

*Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992) .............................................. 5

*Lumber 2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143 (Okla. 2011) ......................... 11

*Mansfield v. Circle K Corp.*, 877 P.2d 1130 (Okla. 1994).............................................. 16

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) .................................... 22

*MBA Commercial Constr., Inc. v. Roy J. Hannaford Co.*, 818 P.2d 469 (Okla. 1991) .... 14

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ............................................ 22

*Metro. Life Ins. Co. v. Bradshaw*, 450 F. Supp. 3d 1258 (W.D. Okla. 2020)................... 20

*N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 929 P.2d 288 (Okla. Civ. App. 1996)............. 20

*Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 7267851 (W.D. Okla. June 15, 2011)................................................................................................................................ 20

*New Jersey Physicians, Inc. v. President of the United States*, 653 F.3d 234 (3d Cir. 2011)................................................................................................................................... 5

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ........................................................................ 8

*Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508 (Okla. 1991)................................................. 17

*Pahlka v. Chicago, R.I. & P. Ry. Co.*, 161 P. 544 (Okla. 1916) ...................................... 14

*Patterson v. Beall*, 19 P.3d 839 (Okla. 2000)................................................................. 11

*Peters v. St. Joseph Serv. Corp.*, 74 F. Supp. 3d 847 (S.D. Tex. 2015) ............................ 7

*Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451 (D.N.J. 2013)........................................ 15

*Reece v. AES Corp.*, 638 F. App'x 755 (10th Cir. 2016)................................................. 14

*Reilly v. Ceridian Corp.*, 664 F.3d 38 (3d Cir. 2011) ............................................. 5, 7, 15

*Reirdon v. Cimarex Energy Co.*, 2019 WL 2610115 (E.D. Okla. 2019) ......................... 20

*Robinson v. Southerland*, 123 P.3d 35 (Okla. Civ. App. 2005) ...................................... 21

*Sallee v. Dollar Thrifty Automotive Grp., Inc.*, 2015 WL 1281518 (N.D. Okla. Mar. 20, 2015)................................................................................................................................ 10

*Smith v. Barker*, 419 P.3d 327 (Okla. Civ. App. 2017)............................................. 17, 19

*Steinbeck v. Dollar Thrifty Auto. Grp., Inc.*, No. 08-0378, 2008 WL 4279798 (N.D. Okla. Sept. 15, 2008) .............................................................................................................. 10

*Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, (M.D. Pa. 2015)..................................... 7, 15

*Strautins v. Trustware Holdings, Inc.*, 27 F. Supp. 3d 871 (N.D. Ill. 2014) ...................... 7

*Tibbetts v. Sight 'n Sound Appliance Centers, Inc.*, 77 P.3d 1042 (Ok. Sept. 30, 2003)..13

*Walls v. Am. Tobacco Co.*, 11 P.3d 626 (Okla. 2000)...................................................... 13

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ............................................................ 5

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)............................................................. 24

## Other Authorities

15 O.S. § 753(A).............................................................................................................. 11

15 Okla. Stat. § 761.1. Oklahoma ................................................................................... 13

15 Okla. Stat. §§751 .......................................................................................................... 9

15 U.S.C. § 45 ............................................................................................................. 3, 16

28 U.S.C.A. § 2201(a) ..................................................................................................... 21

28 U.S.C.A. §§ 2201......................................................................................................... 21

66 Am. Jur.2d ........................................................................................................... 20

Fed. R. Civ. P. 57.................................................................................................... 22

Ok. Stat. Tit. 15 § 753 ............................................................................................ 11

Okla. Stat. Ann. tit. 12, § 1651 .............................................................................. 21

U.S. Const. Art. III ................................................................................................... 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

TRACY MCPHERSON, on behalf of
himself and all others similarly situated,

v.

Civil Action No. 5:20-cv-01307-G

AMERICAN BANK SYSTEMS, INC.

_____

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT AMERICAN BANK SYSTEMS, INC.'S**
**MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) & 12(b)(6)**

Defendant American Bank Systems, Inc. ("ABS") submits this Memorandum of

Law in support of its Motion pursuant to Federal Rules of Civil Procedure 12(b)(1) & (6)

to Dismiss the Plaintiff's Complaint against it because (1) Plaintiff lacks standing to sue,

and (2) Plaintiff has failed to plead the requisite elements for the claims that would entitle

him to relief.

## I.      INTRODUCTION

On or about October 22, 2020, American Bank Systems ("ABS") became aware that

it had been victimized by a cybercriminal and that certain systems may have been infected

with malware.  ABS immediately launched an investigation into the nature of scope of the

incident.  Ultimately, it was determined that certain documents stored in the ABS

environment were subject to unauthorized access or acquisition, including information

related to Bank customers.,

For reasons more fully stated below, the Plaintiff's Complaint should be dismissed. First, the Plaintiff lacks standing to sue in the absence of any actual harm.  Second, the Plaintiff's individual substantive claims are barred by the absence of actual damages as well as other legal defenses to the asserted claims.  Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## II.    FACTUAL ALLEGATIONS

For the purposes of this motion only, all well-pleaded facts of the Complaint are required to be treated as true.  ABS is a third-party vendor that provides compliance and document solutions services to over 350 financial institutions in 35 states, which financial institutions serve many customers across the United States.  *See* Complaint at ¶ 10.  At all relevant times, Plaintiff Tracy McPherson was a citizen and resident of the State of Alabama and a customer of Peoples Exchange Bank of Monroeville.  *Id.* at ¶ 6.

Plaintiff alleges the following facts regarding the breach.  Beginning in or around July 2020, a cybercrime news publication described a new variant of ransomware called Avaddon.  *Id.* at ¶ 25.  The Avaddon ransomware was reportedly delivered by a Trojan email with a malicious attachment, with subject lines suggesting that the attachment contained a photograph of the recipient.  *Id*.  The malicious file would upload the ransomware to the user's system, target system folders for encryption, and alter Windows processes and services.  *Id.* at ¶ 26.  The operators of Avaddon set up a website on which to publish leaked data whenever a victim failed to pay a ransom. *Id.* at ¶ 27

In early November 2020, the group purporting to be behind the Avaddon malware attacks published a "leak warning" claiming that they had hacked ABS. The group demanded a ransom in exchange for release of the data coupled with a threat of public disclosure. *Id.* at ¶ 28. The group then contemporaneously leaked four gigabytes of stolen data. *Id.* at ¶ 29. ABS did not pay the ransom and by November 14, 2020, the full 52.57 gigabytes of stolen data were leaked. ¶ 34.

Plaintiff alleges that ABS knew, or should have known, of the importance of safeguarding PII entrusted to it by financial institutions and knew, or should have known, the foreseeable consequences if that data was disclosed. Plaintiff alleges that ABS assumed legal and equitable duties and knew or should have known that it was responsible for protecting PII from disclosure. *Id.* at ¶ 44. Plaintiff also notes that ABS is prohibited by the FTC from engaging in unfair or deceptive acts or practices in or affecting commerce, 15 U.S.C. § 45, and that despite its obligations under this Act, Plaintiff alleges that ABS failed to properly implement basic data security practices. *Id.* at ¶ 61. According to the Plaintiff, ABS's failure to maintain reasonable and appropriate measures to protect against unauthorized access to consumer PII constitutes an unfair practice in violation of the Act. *Id.* at ¶ 62.

As a result of these alleged failures and the subsequent data breach, Plaintiff contends that the ramifications of the loss of his PII is long lasting, that he is more likely to be the victim of identity theft and fraud, that he may have to spend time to resolve identity theft issues, that he must engage insurveillance of his personal and financial records, and that he will continue to incur damages in addition to any fraudulent use of his

PII.  *Id.* at ¶ 64-67.  In addition, Plaintiff alleges that the value of his PII has diminished as a result of the incident.  *Id.* at ¶ 69.  Plaintiff does not allege that actual identify theft or even attempted identity theft occurred.

Plaintiff has brought his claims both individually and pursuant to Rule 23 of the Federal Rules of Civil Procedure.  He proposes to represent a class of  "all individuals in the United States whose PII was compromised in the American Bank Systems Data Breach which occurred between October and November, 2020."  *Id.* at ¶ 70.

## III.   ARGUMENT

Plaintiff's Complaint should be dismissed in its entirety for two independent reasons. First, Plaintiff lacks standing under Article III of the United States Constitution. Plaintiff's alleged damages do not constitute an actual injury required to satisfy constitutional standing requirements. Moreover, there are no allegations that Plaintiff's personal information or credit were actually affected by the incident at issue. Plaintiff's alleged harm in the form of time spent to mitigate this potential harm is insufficient to confer standing. Second, each of Plaintiff's individual causes of action fail as a matter of law because Plaintiff has not plead the requisite elements.  For all of the foregoing reasons, Defendant's motion should be granted and the Complaint should be dismissed.

### A.    Plaintiff Lacks Article III Standing to Pursue His Claims

#### 1.    Plaintiff Has the Burden to Show that Standing Exists.

Lack of standing is raised by a motion filed under Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction.  The law is clear that Plaintiff

bears the burden of demonstrating he has standing to pursue the action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011); *Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005). To have standing under Article III of the U.S. Constitution, Plaintiff has the burden to show: (1) an injury in fact; (2) a traceable causal connection between the injury and the conduct complained of; and (3) that it is likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision." U.S. Const. Art. III; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The Complaint must "clearly and specifically set forth facts sufficient to satisfy Article III." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).

> **2.     Standing Requires an Injury-In-Fact that is Actual or "Clearly Impending."**

To have standing to sue, a plaintiff must have suffered an injury that is concrete, particularized, and actual or imminent, not merely conjectural or hypothetical. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416, 113 S. Ct. 1138 (2013); *Lujan*, 504 U.S. at 560; *Reilly*, 664 F.3d at 41-42. To be characterized as "concrete," an injury must be distinct and palpable, as opposed to merely abstract, and the injury must "affect the plaintiff in a personal and individual way.'" *Blunt v. Lower Merion Sch. Dist.,* 767 F. 3d 247, 278 (3d Cir. 2014) (*quoting New Jersey Physicians, Inc. v. President of the United States*, 653 F.3d 234, 238 (3d Cir. 2011) (citations and quotations omitted)). "A harm is 'actual or imminent' rather than 'conjectural or hypothetical' where it is presently or actually occurring, or is sufficiently imminent." *Blunt*, 767 F. 3d at 278. "[P]laintiffs relying on claims of imminent

harm must demonstrate that they face a realistic danger of sustaining a direct injury from the conduct of which they complain." *Id.* (*citing Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). "Threatened injury must be certainly impending to constitute injury in fact, and … [a]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. 393, 133 S. Ct. at 1141 (citation omitted).

### 3.  Apprehension of Future Injury Without More Does Not Create Standing

The U.S. Supreme Court examined whether apprehension of future injury is sufficient to confer standing under Article III in *Clapper v. Amnesty Int'l USA*. In *Clapper*, individuals who feared that they would be targeted for surveillance by the government filed suit claiming that this constituted a present manifestation of future harm. *Clapper*, 133 S. Ct. at 1145-46. The Court found that future injuries and future damages alone are not sufficient to establish standing under Article III. *Id.* at 1148. "Threatened injury must be certainly impending to constitute injury in fact, and ... [a]llegations of possible future injury are not sufficient." *Id.* at 1147. Moreover, the Court reasoned, a theory of standing relying on "a highly attenuated chain of possibilities, does not satisfy the requirement that threated injury must be certainly impending." *Id.* at 1148. The Court thus found plaintiffs' claims for costs incurred to mitigate potential future harm insufficient to confer standing and that plaintiffs cannot "manufacture" standing by so pleading. *Id.* at 1151. The *Clapper* decision stands for the proposition that apprehension of future injury is not sufficient to establish injury-in-fact. *Id.*

Courts throughout the country have followed *Clapper* in holding that allegations like Plaintiff's do not establish standing because the apprehension of future harm and actions taken based on it, such as the purchase of credit monitoring, are not actual harm or imminent injury absent identity theft and does not establish a substantial risk of harm. *Beck v. McDonald*, 848 F.3d 262, 267 (4th Cir. 2017); *Alonso v. Blue Sky Resorts, LLC*, 179 F. Supp. 3d 857, 862 (S.D. Ind. 2016); *Duqum v. Scottrade, Inc.*, No. 15-cv-1537, 2016 WL 3683001, at *3 (E.D. Mo. July 12, 2016); *Peters v. St. Joseph Serv. Corp.*, 74 F. Supp. 3d 847, 854 (S.D. Tex. 2015); *Storm v. Paytime, Inc.*, 90 F. Supp. 3d 359, 364-65 (M.D. Pa. 2015); *In re Sci. Applications Int'l (SAIC)Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 24 (D.D.C. 2014); *Strautins v. Trustware Holdings, Inc.*, 27 F. Supp. 3d 871, 875 (N.D. Ill. 2014); *In re Barnes & Noble Pin Pad Litig.*, No. 12-cv-8617, 2013 WL 4759588, *2 (N.D. Ill. Sept. 3, 2013). *See also Reilly v. Ceridian Corp.*, 664 F.3d 38, 41-42 (3d Cir. 2011) (reaching a similar conclusion before Clapper).

Similarly, a plaintiff cannot generate standing by alleging that their personal information has lost value as a result of a data breach. *See Kimbriel v. ABB, Inc.*, No. 5:19-CV-215-BO, 2019 WL 4861168, at *3 (E.D.N.C. Oct. 1, 2019); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d at 30; *Green v. eBay*, Inc., Civ. No. 14-1688, 2015 WL 2066531, *5, n. 59 (E.D. La. May 4, 2015).Finally, it should be noted that in a class action, class representatives "must allege and show that they have been personally injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent. *Gratz v. Bollinger*, 539 U.S. 244, 289 (2003). Thus, "if none of the named plaintiffs purporting to

represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of [themselves] or any other members of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (internal citations omitted); *accord Gratz*, 539 U.S. at 290.

Applying this standard to the instant action, it is clear that the Plaintiff has not pled sufficient facts to confer Article III standing.  Here, Plaintiff alleges that the ramifications of the loss of his PII is long lasting and severe, that he is more likely to be the victim of identity theft and fraud, that he may have to spend hours to resolve identity theft issues, that he now faces constant surveillance of the personal and financial records, that the value of his PII is diminished and that he will continue to incur damages in addition to any fraudulent use of their PII.  *Id.* at ¶ 64-67, 69.  Plaintiff's contentions are no more that allegations of a fear of future harm or broad, non-specific apprehension of loss.  Plaintiff does not allege that actual identify theft or even attempted identity theft occurred.  In short, Plaintiff cannot point to a concrete injury that he suffered as a result of the alleged data breach. In the absence of an allegation of an actual injury, the Complaint should be dismissed in its entirety for lack of standing.

**B.**    **PLAINTIFF HAS FAILED TO STATE A VALID CLAIM FOR RELIEF.**

To withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff must allege facts that raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007).  Alleging "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is not

sufficient. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This is especially true where, as here, plaintiff seeks to bring a "potentially massive . . . controversy" through class action litigation. *See Twombly*, 550 U.S. at 558.  To satisfy his burden and avoid dismissal, Plaintiffs must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  In considering a motion to dismiss, the Court "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citations omitted).

If this Court were to determine that Plaintiff has satisfied the injury-in-fact requirement for Article III standing, it should dismiss Plaintiffs' Complaint in its entirety pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim for relief under any of the claims alleged.

**1.    Plaintiff Fails to State a Claim for Violations of Oklahoma's Consumer Protection Act, 15 Okla. Stat. Ann. § 751, *et. seq.***

*a)    The Oklahoma Consumer Protection Act Does Not Apply to Plaintiff or his Claims since the Transactions Occurred Outside Oklahoma*

Plaintiff's First Cause of Action is based upon alleged violations of Oklahoma's Consumer Protection Act, 15 Okla. Stat. §§751, *et seq* ("OCPA").  Plaintiff's claims under the OCPA must fail because the events for which he seeks relief did not occur in Oklahoma.  Indeed, Plaintiff is a resident of Alabama and his claim arises out of his alleged status as a customer   of   a   bank   located   in   Alabama—Peoples   Exchange   Bank   of

9

Monroeville. *See* ECF No. 1, Complaint at ¶ 6. "The Oklahoma Supreme Court has determined that the appropriate inquiry in deciding the applicability of a consumer protection statute is whether the consumer transaction occurred within the state." *Steinbeck v. Dollar Thrifty Auto. Grp., Inc.*, No. 08-0378, 2008 WL 4279798, at *3 (N.D. Okla. Sept. 15, 2008) (citing *Harvell v. Goodyear Tire and Rubber Co.*, 164 P.3d 1028, 1037 (Okla. 2006). In *Harvell*, the plaintiff claimed that a "shop supply fee" charged to customers at Goodyear tire service centers throughout the country violated the Ohio Consumer Protection Act. *See id.*, 164 P.3d at 1030-31. However, the Oklahoma Supreme Court held that the statute did not apply to any transactions that occurred outside the state of Ohio, concluding that, "[w]hile Goodyear may have developed the shop supply fees from its corporate offices in Ohio, in our view any unfair, deceptive or unconscionable conduct toward a consumer occurred where the transaction occurred…" *See id.* at 1037.

Federal courts in Oklahoma have applied this rule to the Oklahoma Consumer Protection Act, holding that it has no extra-territorial effect. *See*, *e.g.*, *Sallee v. Dollar Thrifty Automotive Grp., Inc.,* 2015 WL 1281518, at *8 (N.D. Okla. Mar. 20, 2015) (dismissing claims under the OCPA where the underlying transactions took place in Texas, not Oklahoma); *Steinbeck v. Dollar Thrifty Automotive Group, Inc*., 2008 WL 4279798 (N.D. Okla. 2008) (granting defendant's motion to dismiss OCPA claim arising out of transaction that occurred in Arizona because "any allegedly deceptive acts occurred there"). As set forth in the Complaint, Plaintiff is a resident of Alabama and a customer of a bank located there. *See* ECF No. 1, Compl., at ¶ 6. Plaintiff does not allege that any transaction involving himself and Defendant occurred in the state of Oklahoma.

10

Accordingly, the OCPA does not apply to Plaintiff's claim, and it must be dismissed with prejudice.

> **b)**     ***The Oklahoma Consumer Protection Act Does Not Apply Because Plaintiff is not seeking relief for a "consumer transaction" as defined by the Oklahoma Consumer Protection Act***

Even if the OCPA were to apply to Plaintiff's claims—***which it does not***—the Act does not cover the conduct alleged by Plaintiff in the Complaint. The OCPA creates a private right of action for any "aggrieved consumer" who suffers damages as a result of a violation of the Act. *See* 15 O.S. § 753(A). To prevail on a claim under the OCPA, Plaintiff must establish the following: (1) defendant engaged in an unlawful practice as defined at 15 O.S. § 753; (2) the challenged practice occurred in the course of defendant's business; (3) plaintiff, as a consumer, suffered an injury in fact; and (4) the challenged practice caused plaintiff's injury. *Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000). Here, however, Plaintiff is not an "aggrieved consumer" who purchased any goods or services provided by Defendant, *see* Ok. Stat. Tit. 15 § 753 and did not engage in any "consumer transaction" with Defendant. Accordingly, he cannot assert a cognizable OCPA claim.

The Supreme Court of Oklahoma examined the meaning of "consumer" under the OCPA in *Lumber 2, Inc. v. Illinois Tool Works, Inc.*, 261 P.3d 1143 (Okla. 2011), a case in which the plaintiff was a retailer that purchased goods from another company in order to sell them to the plaintiff's customers. *See id.* at 1145. Because the term "consumer" is not defined by the Act, the court looked to the plain meaning of the term. *See id.* at 1146-47. The court relied on several dictionary definitions of the term, all of which defined

consumer to include one who purchases goods and services for their own use. *See id*. at 1147-48. In applying this definition, the court found that the plaintiff was not a "consumer" under the OCPA because it was not purchasing the products at issue for its own use; rather, the plaintiff was purchasing the products in order to then sell the products to their customers. *See id*. at 1148-49.

The case at bar presents a different set of facts but leads to the same result (*i.e.*, that Plaintiff is not an "aggrieved consumer"). In this matter, Plaintiff admits that he has "no direct contractual relationship" with Defendant and was "generally unaware" that Defendant had any relationship with his bank. *See* ECF No. 1, Compl., at ¶ 43. The Complaint makes clear that Defendant offers its services to and does business with banks and other financial institutions, and does not allege that Defendant marketed its services to individuals like Plaintiff. *See* ECF No. 1, Compl., at ¶¶ 14-19. Furthermore, Plaintiff does not—and cannot—allege that he purchased or used products and services provided by Defendant (in this case, software provided by Defendant to its financial institution clients). In pleading his OCPA claim, Plaintiff alleges that when Defendant marketed its services, the same constituted a "consumer transaction" under the OCPA. *See* ECF No. 1, Compl., at ¶ 80. But Plaintiff ignores the fact that neither he nor any purported class member had any involvement in such activities; and indeed, Plaintiff offers no allegations that Defendant made any representations ***to him*** regarding its services. Plaintiff and Defendant did not engage in a "consumer transaction" under the OCPA and Plaintiff is not an "aggrieved consumer" of Defendant. Accordingly, the OCPA does not reach of Defendant's alleged conduct, and Count I of the Complaint must be dismissed.

### c)       The Oklahoma Consumer Protection Act Does Not Apply Because Plaintiff fails to allege any damages

In the event this Court finds the OCPA applies to the facts alleged here (which Defendant denied) Plaintiff's OCPA claim should still be dismissed. As noted above, a necessary element of Plaintiff's OCPA claim is that the allegedly unfair or deceptive act(s) of the defendant that caused his injury. *Access Endocrine, Diabetes, & Thyroid Ctr., P.C. v. Health Care Serv. Corp.*, No. 14-0441, 2014 WL 4385760, at *1 (W.D. Okla. Sept. 4, 2014) (quoting *Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000)). Plaintiff does not state a claim under the OCPA because he has failed to allege actual damages. The OCPA provides that a plaintiff is entitled to, "payment of actual damages sustained by the customer and costs of litigation…" 15 Okla. Stat. § 761.1. Oklahoma courts have held that actual monetary damages, i.e., actual injury, was an essential element of the private right of action under the OCPA. *Tibbetts v. Sight "n Sound Appliance Centers, Inc.,* 77 P.3d 1042, 1051, *as corrected* (Ok. Sept. 30, 2003). The Oklahoma Supreme Court has specifically held that a plaintiff cannot recover for a mere violation of the OCPA, but "must suffer some detriment or loss as a result of a violation of the OCPA." *Walls v. Am. Tobacco Co.*, 11 P.3d 626, 630 (Okla. 2000). Specifically, the court held that a plaintiff must prove that she suffered, "actual or threatened distinct injury which has a causal connection between the alleged wrong and the actions challenged." *Id*.

In the Complaint, Plaintiff offers only generalized concerns and speculative allegations of future harm. Such allegations—which state only that a Plaintiff *could* suffer injury in the future, but which fail to allege actual injury—are not the

distinct and concrete injury required by Fed. R. Civ. P. 8 and Oklahoma law. *See*, *e.g.*, *Harrison v. Leviton Mfg. Co.*, 2006 WL 2990524, at \*5 (N.D. Okla. Oct. 19, 2006) (holding that damages from a product that would hypothetically cause harm did not satisfy the injury requirement for a claim under the OCPA). Plaintiff's Complaint in the case at bar presents a fatal defect—his allegations of harm relate to future speculative injury and do not establish damages that have or necessarily will occur. Because this is an essential element of Plaintiff's claim under the OCPA, the Complaint must be dismissed.

### 2. Plaintiff Fails To State A Claim for Negligence

"The elements of a negligence claim in Oklahoma are as follows: (1) the existence of a duty owed by Defendant to Plaintiff to use ordinary care; (2) the breach of that duty; and (3) an injury proximately caused by the breach." *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1299, 1307–08 (N.D. Okla. 2000) (citing *Comer v. Preferred Risk Mut. Ins. Co.*, 991 P.2d 1006, 1010 (Okla.1999)).

Oklahoma courts are clear that, for a tort claim to be cognizable, there must be an actual injury, one that is certain and not merely speculative. *See MBA Commercial Constr., Inc. v. Roy J. Hannaford Co.*, 818 P.2d 469, 470 (Okla. 1991). "It is elemental in the law of damages that negligence, unaccompanied by injurious result, does not give rise to liability." *Pahlka v. Chicago, R.I. & P. Ry. Co.*, 161 P. 544, 552 (Okla. 1916). "Alleging reasonable concern about an injury occurring in the future is not sufficient to allege an actual injury in fact." *Reece v. AES Corp.*, 638 F. App'x 755, 776 (10th Cir. 2016).

Here, the negligence claim should be dismissed because Plaintiff has failed to allege that he suffered an injury proximately caused by the breach, an essential element of a

negligence claims.  Plaintiff *has not* alleged that he has been the victim of identity theft. Instead, he asserts that he and other class members "face a substantial increased risk of identity theft," (*see, e.g.*, Compl. ¶ 4), but he makes no allegation that he has suffered an actual injury as a proximate result of the data breach. As set forth above, Oklahoma law is clear that, for a negligence claim to accrue, the injury *must have* occurred; therefore the alleged "substantial increased risk of identity theft" is not an actionable injury.

Plaintiff further alleges that he and the class "had to spend, and will continue to spend, time and money in the future to protect themselves dues to ABS's failures." Numerous courts have recognized, however, that "costs incurred to watch for a speculative chain of future events based on hypothetical future criminal acts are no more 'actual' injuries than the allege 'increased risk of injury'" Plaintiff  claims here. *See Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 470 (D.N.J. 2013) (*quoting Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011)); *see also Storm v. Paytime, Inc.*, 90 F. Supp. 3dd 359, 367-68 (M.D. Pa. 2015) (no actual injury based on preventative measures taken to prevent future injury in connection with data breach). Other courts have recognized that an alleged diminution in value of PII also does not constitute an actual injury.  *See Kimbriel v. ABB, Inc.*, No. 5:19-CV-215-BO, 2019 WL 4861168, at *3 (E.D.N.C. Oct. 1, 2019); *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 30 (D.D.C. 2014); *Green v. eBay, Inc.*, Civ. No. 14-1688, 2015 WL 2066531, *5, n. 59 (E.D. La. May 4, 2015). Oklahoma law requires that the plaintiff allege an actual injury in order to plead a claim for negligence, and Plaintiff has failed to allege any compensable harm or damage caused by the data breach.

Plaintiff has failed to plead the elements for a cause of action for negligence under Oklahoma law because Plaintiff has not alleged that he suffered an actual injury proximately caused by the breach.   Accordingly, the Second Cause of Action in the Complaint, Negligence, should be dismissed for failure to state a claim upon which relief could be granted.

### 3.      Plaintiff Fails To State A Claim for Negligence Per Se

In addition to the claim for negligence, Plaintiff has asserted a claim for Negligence *Per Se*, arguing that Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45, prohibits companies (including ABS) from "the unfair act or practice" of "failing to use reasonable measures to protect PII." Compl. ¶ 102.   Plaintiff asserts this failure violated both Section 5 of the FTC and unidentified "similar state statutes" (*see*, *e.g.*, Compl. ¶ 104) and ultimately was the direct and proximate cause of Plaintiffs' injuries. *See* Compl. ¶ 107.   However, Plaintiff is wrong in asserting that Section 5 of the FTC creates a defined standard of care that can serve as the basis for a negligence *per se* claim, and the throwaway reference to "similar state statutes" cannot turn these allegations into a cognizable claim.

Courts in Oklahoma have recognized that where "a statute delineates the defendant's obligations, a court may adopt the required conduct in place of the common-law duty as the appropriate basis for establishing civil liability." *Mansfield v. Circle K Corp.*, 877 P.2d 1130, 1132 (Okla. 1994).   Once that occurs, "the violation of that statute is said to be negligence per se." *Burgin v. Leach*, 320 P.3d 33, 39 (Okla. Civ. App. 2014) (citing *Mansfield*, 877 P.2d at 1132).   "In order for violation of a statute to constitute

negligence per se, (1) the injury must have been caused by the violation, (2) the injury must be of a type intended to be prevented by the ordinance, and (3) the injured party must be one of the class intended to be protected by the statute." *Id*. (*citing Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508, 510 (Okla. 1991)).  The Oklahoma Supreme Courts recently affirmed that regulations and administrative rules that "are binding expressions of lawmaking powers" may serve to support a claim for negligence *per se*, *see Howard v. Zimmer, Inc.*, 299 P.3d 463, 468 (Okla. 2013), but courts continue to require that "the standard of duty must be fixed and defined by law and be the same in all circumstances." *Smith v. Barker*, 419 P.3d 327, 333 (Okla. Civ. App. 2017) (citation omitted). "A negligence per se instruction is not appropriate where the terms of the statute do not impose positive objective standards." *Id.*

Thus, although Oklahoma requires that the statute clearly delineate the required standard of care before finding that it can serve as the basis for a negligence *per se* claim, Plaintiff has not stated precisely what obligations the statute delineates, pointing instead to "cybersecurity guidelines" issued by the FTC and FTC recommendations on cybersecurity to support their assertion that ABS' alleged failure to take adequate measures to protect PII constitutes a violation of the prohibition against "unfair" act or practices under Section 5 of the FTC. In support, Plaintiff cites to a 2016 FTC publication that contains those guidelines and recommendations. *See* Compl. ¶¶ 59-60 & n. 25-26. That publication characterizes the information contained therein as "principles" that "will go a long way toward helping you keep data secure," not as mandated procedures that must be adhered to.  *See* Protecting Personal Information: A Guide for Business, at 2 (October 2016),

https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personal-information.pdf (visited January 26, 2021).   It also directs its readers to several other "websites and publications [that] have more information on securing sensitive data," including websites run by the Small Business Administration, the Better Business Bureau, and the SANS Institute.   These salutary precepts about strong passwords and use of firewalls hardly rises to the level of affirmative obligations that Oklahoma courts have historically required to determine that a statutory scheme creates a duty of care.

ABS was not able to locate any Oklahoma case law recognizing that a claim for negligence *per se* can be based on a violation of Section 5 of the FTC Act, but a recent case from the District Court of Colorado is instructive. In *Gordon v. Chipotle Mexican Grill, Inc.*, the plaintiffs also cited to FTC published guidelines on reasonable data security measures to establish the duties that the defendant in that case allegedly failed to satisfy. 2018 WL 3653173, at *20 (D. Colo. Aug. 1, 2018), *report and recommendation adopted in part, rejected in part*, 344 F. Supp. 3d 1231 (D. Colo. 2018).  The court, however, found that "[a] generic allegation of FTC orders, without providing any citations or quotes of specific conduct the FTC prohibited or required, is meaningless" to establish the clear standard of care required to support a negligence *per se* claim under the applicable states' laws, all of which recognized "a cause of action for negligence per se only as to violations of statutes that prohibit specific conduct, as opposed to establishing a general standard of conduct."  *Gordon*, 2018 WL 3653173, at *20.

Oklahoma similarly requires that, for a negligence *per se* claim to survive, the allegedly violated statute has to contain more than just abstract principles.  Thus, one court

rejected a claim for negligence *per se* where the statutory duties imposed upon the operator of a vehicle under several rules-of-the-road statutes were "undefined or defined only in abstract general terms." *Smith v. Barker* 419 P.3d 327, 333 (Okla. Civ. App. 2017). *See also Alexander,* 98 F. Supp. 2d 1310, 1321 (N.D. Okla. 2000) (no basis for *negligence per se* claim based on requirements are merely administrative in nature and lack any independent substantive content). Here, where the Plaintiff's sole basis for arguing that a duty of care has been established is reference to a brochure of recommendations put out by the FTC and supplemented by references to various other publications, by both government and non-government agencies, Plaintiff has failed to establish that there is a statutory duty of care related to reasonable data security measures under Section 5 of the FTC.

In the alternative, the cause of action for negligence *per se* should be dismissed because that claim is subsumed by Plaintiff's negligence count. Plaintiff is relying on the same generic assertions that ABS failed to put in place adequate cybersecurity measures as the factual predicate for both the negligence and the negligence *per se* claims. Although Plaintiff references an FTC brochure in his Complaint in an effort to bootstrap these reasonable measures into a regulatory directive, the guidelines do not impose any objective standards that are more or less than Plaintiff asserts the reasonable standard of care for a company handling financial information would require. In such an instance, the negligence *per se* claims are subsumed within the negligence claims and should be dismissed. *See Kittles v. Harav, L.L.C.*, No. CIV-18-720-D, 2020 WL 1159396, at *4 (W.D. Okla. Mar. 10, 2020).

For the foregoing reasons, ASB respectfully submits that Plaintiff's Third Cause of Action, Negligence *Per Se*, should be dismissed pursuant to Rule 12(b)(6).

### 4.  Plaintiff Fails to State a Claim for Unjust Enrichment

Unjust enrichment is a recognized ground for recovery in Oklahoma.  *N.C. Corff P'ship, Ltd. v. OXY USA, Inc*., 929 P.2d 288, 295 (Okla. Civ. App. 1996).  A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another.  *N.C. Corff P'ship Ltd., supra* (citing 66 Am. Jur.2d *Restitution and Implied Contracts* § 3 (1973)).  Thus, the Oklahoma Supreme Court has generally defined the elements of an unjust enrichment claim as: "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Metro. Life Ins. Co. v. Bradshaw*, 450 F. Supp. 3d 1258, 1265 (W.D. Okla. 2020).

Under Oklahoma law, the "long-standing rule is that a plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law." *Reirdon v. Cimarex Energy Co.,* 2019 WL 2610115, at *3 (E.D. Okla. 2019) (quoting Krug v. Helmerich & Payne, Inc., 320 P.3d 1012 (Okla. 2013)).  Unjust enrichment is a form of equitable relief that a court will not ordinarily exercise its equitable jurisdiction to grant where the plaintiff has an adequate remedy at law.  *Naylor Farms, Inc. v. Anadarko OGC Co.,* 2011 WL 7267851, at *1 (W.D. Okla. June 15, 2011).  See also *Harvell v. Goodyear Tire & Rubber Co.,* 164 P.3d 1028, 1035 (Okla. 2006).   Thus, "[w]here a party has an adequate remedy at law for breach of contract or negligence, regardless of whether the party actually

recovers thereon, the party may not pursue a claim for unjust enrichment." *Naylor Farms, Inc., supra* (citing *Robinson v. Southerland*, 123 P.3d 35, 45 (Okla. Civ. App. 2005)).

In their Fourth Cause of Action, Plaintiff alleges that ABS benefitted from its ability to retain and use the Plaintiff's personal information. However, the factual averments of this matter make clear that Plaintiff conferred no benefit on ABS. Rather, any benefit that ABS received came from a third party, Plaintiff's bank, rather than Plaintiff directly. Furthermore, even if Plaintiff pled sufficient facts to support a claim for unjust enrichment, this Honorable Court should not exercise equitable jurisdiction to grant relief for unjust enrichment. Plaintiff has an adequate remedy at law in the form of his negligence claims and, as a result, the unjust enrichment claim should be dismissed.

### 5. Plaintiff Fails To State A Claim for Declaratory Judgment

Plaintiff's Fifth Cause of Action attempts to set forth a request for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, *et seq.* The Declaratory Judgment Act allows federal courts "[i]n a case of actual controversy within its jurisdiction…[to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201(a).[1] The U.S. Supreme Court has said that "the phrase 'case of actual controversy'

---

[1] It is also noteworthy that the Plaintiff's other claims all resound in state law, but the Plaintiff did not bring a cause of action under the Oklahoma's declaratory judgment statute. Okla. Stat. Ann. tit. 12, § 1651 (West). That statute specifically says "no declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment…." In cases to which the statute applies, it goes on to say, "The determination may be made either before or after there has been a breach of any legal duty or obligation, and it may be either affirmative or negative in form and effect; provided however, that

in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), citing *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240 (1937).

To determine whether there is an actual controversy, courts must consider whether there is a dispute that is (1) "definite and concrete, touching the legal relations of parties with adverse interests;" and (2)  "real and substantial," requesting specific relief as distinguished from an advisory opinion based on a hypothetical set facts.  *MedImmune, Inc.*, 549 U.S. at 127, citing *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 240-41 (1937). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issue of a declaratory judgment."  *MedImmune, Inc.*, 549 U.S. at 127, citing *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  The Advisory Committee Notes to Federal Rule of Civil Procedure 57, which applies the FRCP to declaratory judgment actions, also state, "The 'controversy' must necessarily be 'of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts."  Fed. R. Civ. P. 57, citing *Ashwander v. Tenn. Valley Authority*, 297 U.S. 288 (1936).

Here, the Plaintiff alleges that an "actual controversy has arisen in the wake of the ABS Data Breach regarding Plaintiff's and Class Members' PII and whether ABS is

---

a court may refuse to make a determination where the judgment, if rendered, would not terminate the controversy, or some part thereof, giving rise to the proceeding." *Id.*

currently maintaining data-security measures adequate to protect Plaintiff and Class Members from further data breaches that compromise their PII." Comp. ¶ 120.  It says the actual controversy is justiciable since the parties disagree whether ABS's data security measures are adequate and reasonable.  *Id.*  Plaintiff then seeks for the Court to declare that (1) ABS owes a legal duty to secure consumers PII and to timely notify consumers of a data breach under the common law, Section 5 of the FTC Act, and various state statutes; and (2) ABS continues to breach this legal duty by failing to employ reasonable measures to secure consumers' PII.  *Id*. at ¶ 121.

Despite vague references to ABS' legal duty to secure consumers' PII and to timely notify consumers about data breaches, there are no facts here to suggest that ABS failed to timely notify Plaintiff under those data breach statutes.  More importantly, the myriad state data breach notification statutes, Section 5 of the FTC Act, and "various state statutes" do not require ABS to implement specific data-security measures or to prevent all security incidents from occurring.[2]  In this respect, the Plaintiff asks this Court to issue an advisory opinion on what it considers reasonable security measures and fails to explain what adequate security protocols consistent with law and industry standards would be.

It is also important to note that there is no need for declaratory relief since Plaintiff has appropriate remedies in the common law causes of action pled in the First through

---

[2] Even if they did, many of them do not provide Plaintiff with a right to sue ABS based on general assertions of alleged inadequate data security measures since they leave enforcement up to the state attorneys general or the FTC. Even in data breach notification statutes that allow for private rights of actions, the proper party in interest would be the financial institutions since ABS is acting as a service provider to them and does not have a direct relationship with consumers.

Fourth Counts of the Complaint.  In *Fox v. Iowa Health System*, 399 F. Supp. 3d 780, 803 (W.D. Wis. 2019), a declaratory judgment in a data breach class action was dismissed for this very reason, with the court noting that the Plaintiff had appropriate relief under the applicable state laws.  Similarly, in this case, should Plaintiff prevail on his negligence or negligence *per se* claims, the need for declaratory judgment will be duplicative.  Similarly, if Plaintiff does not succeed on the negligence or negligence per se claims, a declaration from the Court that the Defendant was negligent would prove contradictory.

District courts have discretion when deciding whether to hear claims under the Declaratory Judgment Act.  *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  This Court should exercise its discretion to dismiss the claim for declaratory relief in this case.

## IV.    CONCLUSION

Plaintiff has failed to identify any actual or "certainly impending" injury, as is required to satisfy the "case or controversy" requirement of Article III of the United States Constitution. Thus, Plaintiff lacks standing to pursue the claims asserted in the Complaint and this matter should be dismissed in its entirety for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  In addition, Plaintiff's causes of action are insufficient as Plaintiff has not alleged the required elements of each.  For all the foregoing reasons, Defendant respectfully requests that Plaintiffs' Complaint be dismissed with prejudice.


Dated: January 26, 2021                             Respectfully submitted,
                                                    *s/Kyle Sweet*
                                                    Kyle Sweet, OBA # 17711
                                                    SWEET LAW FIRM
                                                    24 West Park Place
                                                    Oklahoma City, OK 73103
                                                    kyle@sweetlawfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 26th day of January 2021, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

              /s/ Kyle N. Sweet
              KYLE N. SWEET