UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY MCPHERSON, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-20-1307-G |
| AMERICAN BANK SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |
| LARRY LYLES, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-21-23-G |
| AMERICAN BANK SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

On December 30, 2020, Plaintiff Tracy McPherson ("McPherson") filed a putative class action against Defendant American Bank Systems, Inc. ("ABS") asserting various claims arising from a data breach alleged to have occurred in or about October 2020. *See* Doc. No. 1 (No. CIV-20-1307-G). On January 11, 2021, Plaintiff Larry Lyles ("Lyles") filed a nearly identical putative class action. *See* Doc. No. 1 (No. CIV-21-23-G). Now before the Court are: (1) Lyles' Motion to Consolidate the Lyles and McPherson cases, Doc. No. 26 (No. CIV-21-23-G); and (2) McPherson's Motion to Appoint Interim Class Counsel, Doc. No. 28 (No. CIV-20-1307-G).

I.  *Consolidation*

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue the actions." Fed. R. Civ. P. 42(a)(1). "Consolidation of cases is permitted as a matter of convenience and economy, even though consolidation does not merge separate suits into one cause of action." *Harris v. Ill-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (noting that consolidation has been ordered "[w]here the subject matter of the claims made in separate actions arise[s] out of the same transaction").

Here, both lawsuits are putative class actions asserting identical claims against the same Defendant arising from the same data breach. *See generally* Doc. No. 1 (No. CIV-20-1307-G); Doc. No. 1 (No. CIV-21-23-G). No party in the two matters opposes consolidation; in fact, as stated on the record at the joint status and scheduling conference held on March 11, 2021, all such parties agree that consolidation would promote efficiency by streamlining the litigation. Accordingly, the Court concludes that, pursuant to Rule 42(a), the *Lyles* and *McPherson* cases should be joined for pretrial hearings and for trial. Lyles' Motion to Consolidate, Doc. No. 26 (No. CIV-21-23-G) is GRANTED. Hearings on pretrial matters and the trials themselves shall be jointly conducted. Until further order, each lawsuit shall remain open under its current caption and case number. The parties shall continue to file documents in the relevant case or in both cases, as applicable.

II.   *Appointment of Interim Class Counsel*

Pursuant to Rule 23(g), a court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Courts considering motions to appoint interim class counsel generally consider the factors set forth in Rule 23," which include:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

*Boggs v. Chesapeake Energy Corp.*, 286 F.R.D. 621, 623–24 (W.D. Okla. 2012) (citing Fed. R. Civ. P. 23(g)(1)(A).

McPherson proposes a leadership structure that includes two interim co-lead counsel (Gary F. Lynch, as lead counsel for Lyles, and Joseph P. Guglielmo, as lead counsel for McPherson) and one interim liaison counsel (William B. Federman). Doc. No. 28 (No. CIV-20-1307-G), at 4. No objection has been received to this proposal. All parties in Lyles and McPherson consent to the proposal, as stated on the record at the joint status and scheduling conference held on March 11, 2021. The Court concludes that appointment of interim class counsel is appropriate in this consolidated action and that the proposed attorneys possess the experience, knowledge, and resources needed to effectively manage the litigation. McPherson's Motion to Appoint Interim Class Counsel, Doc. No. 28 (No. CIV-20-1307-G) is GRANTED.

IT IS SO ORDERED this 11th day of March, 2021.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
United States District Judge