Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made as of June 29, 2021, by and between, as hereinafter defined, (a) Settlement Class Representatives on behalf of themselves and the Settlement Class, and (b) American Bank Systems, Inc. ("ABS"), and subject to preliminary and final Court approval as required by Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Settlement Class Representatives and ABS enter into this Agreement by and through their respective counsel. By this Agreement, ABS and Settlement Class Representatives seek to and do hereby resolve all claims of the Settlement Class Representatives and the Settlement Class (as defined in this Agreement) that could have been or were asserted in the actions titled *Lautman v. American Bank Systems, Inc.*, No. 2:20-cv-01959-RJC (W.D. Pa.); *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); and *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.) (collectively, the "Litigation"). Settlement Class Representatives and ABS are collectively referred to herein as the "Parties."

## Recitals

1.1.   In October 2020, ABS's systems were compromised as a result of a third-party criminal cyberattack, which was announced in 2020 (the "Data Security Incident").

1.2.   On December 26, 2020; December 30, 2020; and January 11, 2021 Plaintiffs Lautman, McPherson, and Lyles respectively filed class action lawsuits against ABS seeking damages and other relief and alleging that banking consumers had been injured as a result of the announced attack.

1.3.   ABS moved to dismiss the *McPherson* action, but that motion was mooted by an amended complaint in that action filed on February 18, 2021.

1.4.   On March 11, 2021, the Court consolidated the *Lyles* and *McPherson* cases for pretrial purposes, and appointed interim co-lead counsel and interim liaison counsel.

1.5.   This Settlement resulted from good faith, arm's-length settlement negotiations, including a full-day mediation before the Hon. Morton Denlow (Ret.) of JAMS and follow-up settlement conferences among the Parties and with Judge Denlow. The Parties did not discuss attorneys' fees, costs, and expenses prior to agreeing to the material terms of the Settlement.

1.6.   Class Counsel conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims to be resolved in the Settlement and how best to serve the interests of the Settlement Class. Based on this investigation and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainty, and cost of further prosecution of the Litigation, and

1

the substantial benefits to be received by the Settlement Class pursuant to this Settlement, that a settlement with ABS on the terms set forth in this Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

1.7.    ABS denies any wrongdoing whatsoever, and this Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of ABS with respect to any claim of fault or liability or wrongdoing or damages whatsoever, any infirmity in the defenses that ABS asserted or would assert, or to Plaintiffs' ability to satisfy the requirements of the Federal Rule of Civil Procedure 23.  Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, ABS has agreed to settle the Litigation on the terms as set forth in this Settlement, subject to Court approval.

1.8.    The Parties now agree to settle the Litigation in its entirety, without any admission of liability, with respect to all Released Claims (as defined below) of the Settlement Class. The Parties intend this Agreement to bind Settlement Class Representatives, ABS, and all Settlement Class Members that do not timely and validly exclude themselves from the Settlement.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Litigation be settled, compromised, and dismissed on the merits and with prejudice, subject to preliminary and final Court approval, as required by Rule 23, on the following terms and conditions:

## <u>Definitions</u>

2.1.    "Approved Claim" means a claim for Settlement benefits made using a Claim Form by a Settlement Class Member found to be valid and in an amount approved by the Settlement Administrator, using industry standard methods to detect fraud and eliminate duplicate claims.

2.2.    "Claims Administration" means the processing of Claim Forms received from Settlement Class Members and payment of Approved Claims by the Settlement Administrator, as well as any other duties and obligations of the Settlement Administrator, as set forth in the Settlement.

2.3.    "Claims Deadline" means the deadline by which Settlement Class Members must submit a claim for benefits under this Settlement, which shall be 180 days after the Notice Deadline.

2.4.    "Claim Form" shall mean the claim form attached as Exhibit A (including an electronic version thereof), or a claim form approved by the Court that is substantially similar to

Exhibit A, that a Settlement Class Member must complete and submit in order to be eligible for benefits under the Settlement.

2.5.    "Class Counsel" means:

Joseph P. Guglielmo
SCOTT+SCOTT ATTORNEYS AT LAW LLP
230 Park Avenue, 17th Floor
New York, NY 10169

        -and-

Gary F. Lynch
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

2.6.    "Complaints" means each of the operative complaints on file in the Litigation.[1]

2.7.    "Costs of Settlement Administration" means all reasonable actual costs and expenses of the Settlement Administrator associated with or arising from the Claims Administration, the Notice Program, and providing notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b).  The Costs of Settlement Administration shall be paid to the Settlement Administrator as set forth in this Settlement.

2.8.    "Court" means the United States District Court for the Western District of Oklahoma.[2]

2.9.    "Data Security Incident" means the ABS data security incident which occurred between October and November 2020.

2.10.   "Defendants' Released Persons" means: (a) ABS; (b) each of its or their respective current and former parents, subsidiaries, affiliated companies, and divisions, whether indirect or direct; (c) ABS's client banks on whose behalf ABS provided notice of the Data Security Incident; and (d) the respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, reinsurers, shareholders, members, advisors, consultants, representatives, partners, joint venturers, and assigns of each of the entities and persons listed in sections (a), (b), and (c) of this Paragraph.

---

[1]     *Lautman* action, ECF No. 1; *McPherson* action, ECF No. 32; and *Lyles* action, ECF No. 1.

[2]     Plaintiffs intend to seek approval of the settlement pursuant to Fed. R. Civ. P. 23 in the Western District of Oklahoma, and will make the appropriate filings to consolidate or dismiss the case currently pending in the Western District of Pennsylvania.

2.11.   "Effective Date" means the first business day after which all of the following events have occurred:   (a) Class Counsel and ABS's counsel have executed this Settlement; (b) following notice to the Settlement Class, the Court has entered the Final Approval Order and Judgment without material change to either the Parties' Settlement or agreed-upon proposed Final Approval Order and Judgment, as described in this Settlement and attached hereto as Exhibit F; and (c)(i) the time for seeking rehearing, appellate, or other review of the Final Approval Order and Judgment has expired with no appeal, motion for rehearing, or motion for further review being filed, except as specifically described further in this definition; or (ii) the Final Approval Order and Judgment is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.   The Effective Date shall not be altered, precluded, or delayed in the event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs, and expenses or Service Awards in the amounts that Class Counsel requests but otherwise enters a Final Order and Judgment without material change to the remainder of the Settlement or the agreed-upon proposed Final Order and Judgment.   Further, the Effective Date shall not be altered, precluded, or delayed in the event that an appeal is filed, with the sole issues on appeal being the award of attorneys' fees, costs, and/or expenses to Class Counsel and/or Service Award.

2.12.   "Escrow Account" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described in the Settlement.   The Parties agree that the Escrow Account is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation §1.468B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Escrow Account and paying from the Escrow Account any Taxes owed with respect to the Escrow Account.   The Parties agree that the Escrow Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Escrow Account as a qualified settlement fund from the earliest date possible.

2.13.   "Final Approval" means the date that the Court enters an order and judgment granting final approval of the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of the Service Award.   In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the latest of such orders.

2.14.   "Final Approval Order and Judgment" means the order and judgment that the Court enters upon Final Approval and in the form of, or materially in the form of, the proposed Final Approval Order and Judgment attached hereto as Exhibit F.   In the event that the Court

issues separate orders addressing the matters constituting Final Approval, then the Final Approval Order and Judgment includes all such orders.

2.15.   "Plaintiffs" means Mitchell Lautman, Tracy McPherson, and Larry Lyles.

2.16.   "ABS" means American Bank Systems, Inc. and its successors, predecessors, trustees, representatives, subsidiaries, parents, divisions, affiliates, officers, directors, principals, partners, employees, attorneys, stockholders, agents, and any and all firms, corporations and entities in which it has an interest.

2.17.   "Litigation" means collectively the actions titled *Lautman v. American Bank Systems, Inc.*, No. 2:20-cv-01959-RJC (W.D. Pa.); *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); and *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.).

2.18.   "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

2.19.   "Notice Deadline" means the date by which the Settlement Administrator is required to send out Mail Notice, which shall be no later than 45 days after entry of the Preliminary Approval Order unless a different deadline is set by the Court.

2.20.   "Notice Program" means the notice plan and methods provided for in this Settlement and consists of: (a) a combination of email, postcard, or full-length mail notice that is economically feasible and will satisfy the requirements of Rule 23 and due process; (b) notice posted on the Settlement Website; and (c) such other notice as is required by due process and Rule 23.  The Notice Program shall be effected in substantially the manner provided for in this Settlement.

2.21.   "Objection Deadline" means 114 days after entry of the Preliminary Approval Order.

2.22.   "Opt-Out Deadline" means 114 days after entry of the Preliminary Approval Order.

2.23.   "Parties" means ABS and Plaintiffs, individually and on behalf of the Settlement Class.

2.24.   "Plaintiffs' Released Persons" means the Settlement Class Representatives, the Settlement Class, and the Settlement Class Representative's counsel of record in the Litigation.

2.25.   "Preliminary Approval Order" means the order preliminarily approving the Settlement and, among other things, ordering that notice be provided to the Settlement Class, and in the form of, or materially in the form of, the proposed Preliminary Approval Order attached hereto as Exhibit E.

2.26.    "Releasing Parties" means the Settlement Class Representatives and all Settlement Class Members who do not timely and validly exclude themselves from the Settlement, and each of these persons' current and former heirs, executors, administrators, representatives, agents, partners, beneficiaries, successors, attorneys, insurers, reinsurers, and assigns.

2.27.    "Service Award" means a payment of up to $1,500 to each Plaintiff ($4,500 total); subject to Court approval, as compensation for their time, expense, and involvement in the Litigation and service on behalf of the Class whose personal-identifiable information ("PII") was compromised in the Data Security Incident.

2.28.    "Settlement Agreement" or "Settlement" means this settlement agreement and release, including exhibits hereto.

2.29.    "Settlement Administrator" means the entity to be selected by the Parties and approved by the Court to effectuate the Notice Program and Claims Administration per the terms of this Settlement.

2.30.    "Settlement Class Members" or "Settlement Class" means: All individuals in the United States, and its territories, whose PII was compromised in the Data Security Incident involving American Bank Systems which occurred between October and November 2020 (the "Class Period").

2.31.    "Settlement Class Representatives" means the Plaintiffs.

2.32.    "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but no later than the Notice Deadline, as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to the Settlement, Notice, Preliminary Approval Order, Claim Form, Complaints, and such other documents as Class Counsel and ABS's counsel agree to post, or that the Court orders posted, on the website.  These documents shall remain on the Settlement Website until at least 60 days after the Effective Date.  The URL of the Settlement Website shall be agreed upon by Class Counsel and ABS's counsel.  Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website.  The Settlement Website shall not include any advertising and shall remain operational until at least 60 days after the Effective Date.

### Settlement Class

3.1.    For settlement purposes only, Class Counsel shall seek, and ABS shall not oppose, the certification of the following class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), defined as:

> **All individuals in the United States, and its territories, whose PII was compromised in the Data Security Incident involving American Bank Systems which occurred between October and November 2020 ("ABS Data Security Incident.").**

Excluded from the Settlement Class are the Court, and any immediate family members of the Court; directors, officers, and employees of ABS; parents, subsidiaries, and any entity in which ABS has a controlling interest; and individuals who timely and validly request exclusion from the Settlement Class.

3.2.   For settlement purposes only, Class Counsel shall seek, and ABS shall not oppose, the appointment of Class Counsel as settlement class counsel and the appointment of Settlement Class Representatives as defined above.  Settlement Class Representatives will move for provisional certification of the Settlement Class, for settlement purposes only, contemporaneously with their motion for preliminary approval of the Settlement.  ABS agrees not to contest provisional certification of the Settlement Class for settlement purposes only.

3.3.   Within 30 days after preliminary approval, or as soon as practicable, ABS shall provide, or cause to be provided, to the Settlement Administrator and Class Counsel a class list reflecting the available contact information (*i.e.*, name, mailing address, and email address (if available)) of Settlement Class Members (the "Class List").

### Settlement Consideration

4.1.   In exchange for the mutual promises and covenants in this Agreement; including, without limitation, the Releases set forth below and the dismissal of the Action upon the Effective Date, ABS agrees to pay and provide the settlement consideration described in this Section 4 as restitution (the "Settlement Consideration").

4.2.   In no event shall ABS be required to pay or provide more than the Settlement Consideration in connection with this Settlement.

4.3.   Within 30 days of the Effective Date, ABS will pay $1,700,000 into a fund (the "Common Fund"), minus amounts previously paid for notice and administration costs as set forth in Section 4.4 below, to pay valid claims submitted by Class Members for Inconvenience Claims and/or Documented Loss Claims, as defined below (together, "Approved Claims"), following the deduction of attorneys' fees/expenses, service awards, and administration/notice costs as approved by the Court.  Eligible Settlement Class Members may make both Documented Loss Claims and Inconvenience Claims so long as such claims are not encompassed by one another.

7

4.4.     Within 30 days of the entry of the order preliminarily approving the Settlement and approving the Settlement Administrator, ABS will pay $50,000 from the Common Fund to the Settlement Administrator to defray the actual expenses of notice of the Class Action Settlement.  To the extent this Settlement Agreement is not finally approved, ABS will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with Settlement Administration.

4.5.     The Common Fund shall fund the following payments of the Settlement Consideration, as set forth below:

    a.    <u>Payment of Costs Associated with Administration of Settlement, Service Awards, Attorneys' Fees, and Expenses of Litigation.</u>  The Common Fund will first be used to pay all Plaintiffs' attorneys' fees and expenses, Settlement Administrator's costs and expenses, and Plaintiffs' Service Awards as awarded by the Court.  These costs will be paid out of the Common Fund as follows:

        i.    *Service Awards.*  The Common Fund will pay Court-approved Service Awards to each of the Plaintiffs, in an amount not to exceed $1,500 per Plaintiff (totaling $4,500).  Class Counsel shall have sole responsibility for ensuring that the Service Awards are distributed to the Plaintiffs following the wire transfer to Class Counsel's escrow account, and ABS shall have no further liability with respect to the Service Awards.  Neither Class Counsel's application for, nor any Plaintiff's entitlement to, a Service Award shall be conditioned in any way upon such Plaintiff's support for this Settlement.  The Service Awards shall be severable and separate, such that the Court's failure to approve any or all of the amount of the Service Awards shall not invalidate or otherwise affect the settlement.

        ii.    *Attorneys' Fees, Expenses of Litigation, and Notice and Administration Expenses.*  The Common Fund will pay Court-approved Class Counsel attorneys' fees, expenses, and notice and administration costs, inclusive of the Service Awards referenced in Section 4.5(a)(i).  ABS shall make an initial payment of $50,000.00 for notice and administration costs to the Settlement Administrator, by wire transfer, which shall be credited against any further award of attorneys' fees, expenses, and notice and administration costs, within 30 days of the Court's entry of the Preliminary Approval Order.

    b.    <u>Payment of Approved Claims to the Settlement Class.</u>  The balance of the Common Fund, after paying the above Service Awards, attorneys' fees, expenses, and notice and administration expenses shall be used to fund Plaintiff/Settlement Class member distributions, as follows:

      i.   Payments to the Settlement Class shall be administered on a "common fund" basis in accordance with the Claims Administration and Distribution Plan (attached hereto as Exhibit D).

      ii.   Payment to the Settlement Class will consist of the following, subject to proration if necessary:

          1.   *Documented Loss Claims.* Documented Loss Claims of up to $5,000 may be paid to those class members who: a) attest that they suffered an out-of-pocket loss as a result of identity theft or fraudulent activity experienced after October 1, 2020; and b) provide additional documentation to verify their damages.

          2.   *Inconvenience Claims.* Inconvenience Claims may be made without documentation and will be paid as equal shares of all funds remaining in the Settlement Fund after deduction of attorneys' fees/expenses, Service Awards, administration/notice costs, and payment of all valid Documented Loss Claims.

4.6.    <u>*Cy Pres.*</u>  On the one-year anniversary of the Final Approval Order by the Court, should there be any residual funds in the Common Fund after all distributions have been made, and should it not be administratively feasible to provide a second distribution to Settlement Class Members, Class Counsel and ABS shall jointly agree upon, subject to Court approval, a *cy pres* recipient to which such residual funds from the Common Fund shall be distributed. The *cy pres* recipient will be an organization devoted to consumer data privacy advocacy or cybersecurity education.

4.7.    ABS shall have no additional monetary obligation other than the $1.7 million settlement amount as reflected in this Section 4. The finality, effectiveness, fairness, or approval of the Settlement Agreement shall not depend upon the Court awarding any particular amount of attorneys' fees, expenses, Service Awards, or notice and administration costs.

4.8.    The funds in the Escrow Account, if any, shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. §1.468B-l at all times from the creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon ABS, Plaintiffs, and/or Class Counsel, with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively, "Taxes"), shall be paid out of the Escrow Account. The Escrow Account shall indemnify and hold ABS, ABS' counsel, ABS' insurers, Plaintiffs, and Class Counsel harmless for all Taxes

(including, without limitation, Taxes payable by reason of any such indemnification) and ABS, ABS' counsel, ABS' insurers, Plaintiffs,and Class Counsel shall have no liability or responsibility for any of the Taxes.

4.9.    The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Plaintiff or any Settlement Class Member of any payment or transfer made pursuant to this Agreement.  Each Plaintiff and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to it of the receipt of any funds pursuant to this Agreement.

4.10.    <u>Non-Monetary Relief.</u>  In further consideration for the releases described herein, ABS represents that it completed significant remediation following the Data Security Incident and will on an ongoing basis commit to eliminating the storage of any unencrypted PII on its systems.

## **<u>Preliminary Approval</u>**

5.1.    Upon execution of this Settlement, Class Counsel shall promptly move the Court for an order granting the Preliminary Approval Order, substantially in the form attached hereto as Exhibit E.  The motion for preliminary approval shall request that the Court: (a) preliminarily approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (b) provisionally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) and (e) for settlement purposes only; (c) approve the Settlement Administrator and Notice Program set forth herein, form and content of the Notice and Claim Form as meeting the standard of "best notice practicable" under Fed. R. Civ. P. 23(c)(2)(B); (d) approve the procedures set forth in this Settlement for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (e) stay all proceedings in the Litigation unrelated to the Settlement pending Final Approval of the Settlement; (f) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning any Released Claims; (g) appoint Class Counsel and Settlement Class Representatives; and (h) schedule a Final Approval hearing at a date that provides sufficient time for the deadlines contemplated by this Settlement and that is convenient for the Court, at which time the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith and should be finally approved, and determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses and Service Awards (the "Final Approval Hearing").

5.2.    Within 10 days of the filing of the motion for preliminary approval, ABS shall serve, or cause to be served, at its own cost, a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under CAFA.

## Settlement Administrator

6.1.    The Settlement Administrator shall administer various aspects of the Settlement and perform such other functions as are specified for the Settlement Administrator elsewhere in this Settlement and the Claims Administration and Distribution Plan, including, but not limited to, overseeing administration of the Escrow Account; providing Notice to Settlement Class Members, as described in this Settlement; establishing and operating the Settlement Website; administering the claims process; and distributing cash payments according to the processes and criteria established by this Settlement and the Claims Administration and Distribution Plan.

6.2.    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Settlement, include:

   a.   implementing the Notice Program required by this Settlement;

   b.   establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

   c.   establishing and maintaining the Settlement Website;

   d.   responding to Settlement Class Member inquiries;

   e.   processing all written notifications of exclusion from the Settlement Class and providing deficiency notices as set forth herein and in the Claims Administration and Distribution Plan;

   f.   providing weekly reports and, no later than 10 days after the Opt-Out Deadline, a final report to Class Counsel and ABS that summarizes the total number of written requests for exclusion received to date, and other pertinent information as requested by Class Counsel and ABS's counsel;

   g.   in advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and validly provided a written request for exclusion from the Settlement Class;

   h.   reviewing, determining the validity of (using industry standard methods to detect fraud and eliminate duplicate claims), responding to, and processing all claims submitted by Settlement Class Members, pursuant to criteria established by this Settlement Agreement and as set forth in the Claims Administration and Distribution Plan;

      i.   Making available to the Parties for inspection and review the Claim Forms and any supporting documentation received by Settlement Class Members at any time upon reasonable notice;

      j.   after the Effective Date, processing and transmitting payments to Settlement Class Members that submitted Approved Claims;

      k.   providing weekly reports and a final report to Class Counsel and ABS's counsel that summarize the total number of claims received to date, total number of claims approved and denied to date, and other pertinent information as requested by Class Counsel and ABS's counsel; and

      l.   performing any function related to Claims Administration at the agreed-upon instruction of the Parties, including, but not limited to, verifying that payments associated with Approved Claims have been distributed in accordance with this Settlement.

6.3.    ABS shall provide the Settlement Administrator with sufficient information about Settlement Class Members to permit the Settlement Administrator to process and validate claims, including, at a minimum, the names and mailing addresses of all Settlement Class Members.

6.4.    The Parties, Class Counsel, and ABS's counsel shall not have any liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Escrow Account; (iii) the formulation, design, or terms of the disbursement of the Escrow Account; (iv) the determination, administration, calculation, or payment of any claims under this Agreement; (v) any losses suffered by or fluctuations in the value of the Escrow Account; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Escrow Account or the filing of any returns.

6.5.    The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and ABS's counsel for (i) any act or omission or determination of the Settlement Administrator, or any of the Settlement Administrator's designees or agents, in connection with the administration of the Settlement; (ii) the management, investment, or distribution of the Escrow Account; (iii) the formulation, design, or terms of the disbursement of the Escrow Account; (iv) the determination, administration, calculation, or payment of any claims asserted under this Agreement; (v) any losses suffered by or fluctuations in the value of the Escrow Account; or (vi) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Escrow Account or the filing of any returns.

**Notice, Opt-Outs, and Objections**

7.1.   Upon entry of the Preliminary Approval Order of the Settlement, at the direction of Class Counsel, the Settlement Administrator will begin implementing the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.  The Notice will include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class Members may opt-out or object to the Settlement; the date upon which the Final Approval Hearing will occur; and the address of the Settlement Website at which Settlement Class Members may access this Settlement and other related documents and information.

7.2.   The Notice Program includes: (1) Email Notice; (2) Mail Notice; and (3) Notice on the Settlement Website.  The Notice Program is to be implemented as follows:

   a.   Within 30 days after preliminary approval, or as soon as practicable, ABS shall provide, or cause to be provided, the Settlement Administrator with the Class List;

   b.   Email Notice will be sent to those on the Class List for whom the Settlement Administrator is able to determine email addresses by the Notice Deadline.  The Email Notice shall consist of the long-form notice, in the form attached hereto as Exhibit B, and Claim Form, in the form attached hereto as Exhibit A.

   c.   Mail Notice will be sent to those on the Class List for whom the Settlement Administrator is unable to determine email addresses by the Notice Deadline.  The Mail Notice shall consist of the postcard form notice, in the form attached hereto as Exhibit C.  For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Mail Notice to the updated address as indicated.  For any Mail Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and re-mail the Mail Notice to the extent updated addresses are identified.  The Settlement Administrator need only make one attempt to re-mail any Mail Notices that are returned as undeliverable; and

   d.   By the Notice Deadline, the Settlement Administrator will create and maintain the Settlement Website, which will contain the information and documents required by this Settlement.  The Settlement Website will be configured so that Settlement Class Members may file claims electronically.

7.3.   The Notice shall include a procedure for Settlement Class Members to opt-out and exclude themselves from the Settlement by notifying, in writing, the Settlement Administrator,

Class Counsel, and ABS's counsel of their intent to exclude themselves from the Settlement. The notification shall be sent via first class postage prepaid U.S. mail to the addresses provided in the Notice. Such written requests for exclusion must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The written request for exclusion must include the name of any of the three constituent actions in this Litigation; the full name, address, email address, and telephone number of the Settlement Class Member; and the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement. The Settlement Administrator shall provide the Parties with copies of all opt-out requests on a weekly basis and a final list of all who have timely and validly excluded themselves from the Settlement, which Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing. Any Settlement Class Member who does not provide a timely request for exclusion, or who does not provide all information required by this Settlement to exclude itself, shall be bound by the terms of the Settlement, including all releases in the Settlement.

7.4.    In the event that a Settlement Class Member purports to provide notice of its intention to opt out of the Settlement but fails to provide all of the information set forth above, the Settlement Administrator shall, within five days of receiving the deficient notice, send the Settlement Class Member a deficiency notice. The deficiency notice shall inform the Settlement Class Member that its attempt to opt out is deficient, invalid, and without legal effect. The deficiency notice shall be sent by the Settlement Administrator via email and, if email is not feasible, then by USPS Priority Express mail. The deficiency notice shall inform the Settlement Class Member that it must re-submit a valid notice requesting exclusion that includes all of the required information to an email address to be provided by the Claims Administrator, no later than 10 days from the date of the deficiency notice, in order for its opt-out to be effective. If the Settlement Class Member fails to provide all the required information on or before that deadline, then its attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases.

7.5.    The Notice shall also include a procedure for Settlement Class Members to object to the Settlement, Class Counsel's request for attorneys' fees, expenses, Service Awards, and/or notice and administration costs. Objections to the Settlement, Class Counsel's request for attorneys' fees, expenses, Service Awards, and/or notice and administration costs must be filed electronically with the Court, or mailed to the Clerk of the Court, Class Counsel, and ABS's counsel. For an objection to be considered by the Court, the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and ABS's counsel at the addresses listed in the Notice and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

a.      the name of one of the three constituent actions in the Litigation;

b.      the full name, address, email address, and telephone number of the objecting Settlement Class Member;

c.      an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d.      whether the objection applies only to the objecting Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class;

e.      all grounds for the objection stated, with specificity, accompanied by any legal support for the objection;

f.      the identity of all counsel who represent the objecting Settlement Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, Class Counsel's request for attorneys' fees, expenses, Service Awards, and/or notice and administration costs;

g.      the identity of all representatives (including counsel representing the objecting Settlement Class Member) who will appear at the Final Approval Hearing;

h.      the number of times in which the objecting Settlement Class Member has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

i.      the number of times in which the objecting Settlement Class Member's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector filed the objection, the caption of each case in which the counsel or the firm has made such an objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

j.      if the objecting Settlement Class Member is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include: (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other

method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

k.      any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objector or objector's counsel and any other person or entity;

l.      a description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

m.      a statement indicating whether the objecting Settlement Class Member intends to personally appear and/or testify at the Final Approval Hearing; and

n.      the objecting Settlement Class Member's (or the objecting Settlement Class Member's attorney's) signature on the written objection.

7.6.    In addition, any Settlement Class Member that objects to the proposed Settlement must make themselves available to be deposed regarding the grounds for their objection and must provide, along with their objection, the dates when the objector will be available to be deposed during the period from when the objection is filed through the date seven days before the Final Approval Hearing.

7.7.    Any Settlement Class Member who both objects to the Settlement Agreement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

7.8.    At least 35 days before the Final Approval Hearing, the Settlement Administrator shall provide Class Counsel and ABS with one or more affidavits confirming that the Notice Program was completed in accordance with the Parties' instructions and the Court's approval.  Class Counsel shall file such affidavit(s) with the Court as an exhibit to, or in conjunction with, Settlement Class Representatives' motion for Final Approval of the Settlement.

7.9.    In the event that the Effective Date does not occur, the Settlement Administrator will take reasonable steps to ensure that no further Costs of Settlement Administration are incurred without the express written approval of the Parties.

### Final Approval Order and Judgment

8.1.    Settlement Class Representatives' motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur, which shall be sufficiently far in advance to allow for the deadlines contemplated by this Settlement.  The Final Approval Hearing shall be scheduled no earlier than 135 days after the entry of the Preliminary Approval Order.  By no later than 100 days after the entry of the Preliminary Approval Order, Class Counsel shall file a motion for final approval of the Settlement and a motion for attorneys' fees, expenses, Service Awards, and notice and administration costs.  Objectors, if any, shall file any response to Class Counsel's motions no later than 114 days after the entry of the Preliminary Approval Order.  By no later than 128 days after the entry of the Preliminary Approval Order, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's request for attorneys' fees, expenses, Service Awards, and/or notice and administration costs shall be filed.  At the Final Approval Hearing, the Court will consider the motion for final approval of the Settlement, and Class Counsel's application for attorneys' fees, expenses, Service Awards, and notice and administration costs.  In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or Class Counsel's request for attorneys' fees, expenses, Service Awards, and/or notice and administration costs, provided the objectors filed timely objections that meet all the requirements listed in this Settlement.

8.2.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment granting Final Approval of the Settlement, and whether to approve Class Counsel's request for attorneys' fees, expenses, Service Awards, and notice and administration costs.  The proposed Final Approval Order and Judgment that will be filed with the Final Approval Motion shall be in a form agreed upon by Class Counsel and ABS as set forth in Exhibit F attached hereto.  Such proposed Final Approval Order and Judgment shall, among other things:

a.      determine that the Settlement is fair, adequate, and reasonable;

b.      finally certify the Settlement Class for settlement purposes only;

c.      determine that the Notice provided satisfied Rule 23 and due process requirements;

d.      dismiss all claims in the Complaints and Litigation with prejudice;

e.      bar and enjoin the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment;

f.     release and forever discharge ABS and Defendants' Released Persons from the Released Claims and release Plaintiffs' Released Persons, as provided in this Settlement Agreement; and

g.     reserve the Court's continuing and exclusive jurisdiction over ABS and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Settlement in accordance with its terms.

## **Releases**

9.1.    As of the Effective Date, the Releasing Parties, each on behalf of themselves and any respective heirs, assigns, beneficiaries, and successors, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendants' Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, administrative, statutory, or equitable, that are, were or could have been asserted in the Litigation or the Complaints, including, but not limited to, claims that result from, arise out of, are based upon, or relate to the Data Security Incident, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) the disclosure of Settlement Class Members' PII; (b) ABS's maintenance of Settlement Class Members' PII during the Class Period; (c) information security policies and practices that existed during the Class Period; (d) the allegations, facts, and/or circumstances described in the Litigation and/or Complaints; and (e) ABS's response to and notices about the Data Security Incident; and (f) any event, matter, dispute, or thing in whole or in part, directly or indirectly, that relates to or arises out the Data Security Incident and (a) through (e) (the "Released Claims") above, provided that nothing in this Release is intended to, does, or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.

9.2.    For the avoidance of doubt, the Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation:  any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States; causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation

of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

9.3.  As of the Effective Date, Defendants' Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiffs' Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits. For the avoidance of doubt, Defendants' Released Persons release, as set forth in this Paragraph, does not include entities that do not meet the definition of either Releasing Parties or Plaintiffs' Released Persons.

9.4.  "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Settlement Class Representatives, does not know or suspect to exist in its favor at the time of the release of Defendants' Released Persons that, if known by it, might have affected its settlement with, and release of, the Defendants' Released Persons, or might have affected its decision not to object to and/or to participate in this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> *A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of*

> *executing the release, and that, if known by him or her would have*
> *materially affected his or her settlement with the debtor or released party.*

(Emphasis added.)    Settlement Class Members, including the Settlement Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Settlement Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.  The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

9.5.    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts.  The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

9.6.    For purposes of clarity, the releases described herein are not intended to, and shall not apply, to claims relating to the enforcement of this agreement.

9.7.    As of the Effective Date, Settlement Class Members shall be enjoined from initiating, prosecuting, or otherwise pursuing any Released Claims, whether directly or in any other capacity, against any of Defendants' Released Persons or based on any actions taken by any of Defendants' Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment.  It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding or action asserting claims released by this Settlement

## **Attorneys' Fees, Costs, Expenses and Service Award**

10.1.    The Common Fund provided by ABS shall pay for the Court-approved Service Awards, attorneys' fees, expenses, and costs of notice and administration as set forth in Section 4.5(a).  Class Counsel will request no more than 30% of the Common Fund, including any interest earned thereon, from the Court for their attorneys' fees and will additionally request reimbursement of their reasonable costs and expenses incurred in the Litigation from the Common Fund.  Payment shall be made to Class Counsel, by wire transfer, within

30 days of the Effective Date or within 30 days of the Court's approval of such fees, expenses, or costs of notice and administration, whichever is later.

10.2.   Notwithstanding anything herein, any decision by the Court, or modification or reversal or appeal of any decision by the Court, that fails to approve, in whole or in part, the amounts of the requested Service Award, attorneys' fees, expenses, and/or costs of notice and administration shall not constitute grounds for cancellation or will prevent the Settlement Agreement from becoming effective, nor will it be grounds for termination of this Agreement.  If the Court declines to approve, in whole or in part, the requested Service Award, attorneys' fees, expenses, and/or costs of notice and administration in the amount set forth in this Agreement, or at all, the remaining provisions of this Settlement Agreement will remain in full force and effect.  To the extent the Court awards less than the requested Service Awards, attorneys' fees, or expenses, the unawarded amounts shall remain part of the Common Fund and will not revert to ABS.  The finality or effectiveness of the Settlement will not be dependent on the Court awarding Class Counsel any particular amount of attorneys' fees, expenses, or costs of notice and administration, or Service Awards.

10.3.   Neither Class Counsel's application for nor any individual's entitlement to a Service Award shall be conditioned in any way upon such individual's support for this Settlement.

10.4.   Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record.

## **Termination**

11.1.   ABS shall have the sole discretion to terminate the Settlement Agreement if Settlement Class Members representing 3% of total Settlement Class Members identified on the Class List submit valid requests pursuant to Section 3.3 to opt out of the Settlement Class.  The Parties anticipate that there will be roughly 554,000 Settlement Class members.  If ABS elects to terminate the Settlement Agreement, it must notify Class Counsel that it intends to pursue that right pursuant to this provision, if any such right exists, no later than 14 days after the Opt-Out Deadline or 14 days after ABS receives notice of opt-outs exceeding the 3% threshold.

11.2.   This Settlement Agreement may be terminated by either the Settlement Class Representative or ABS by serving on counsel for the opposing Party and filing with the Court a written notice of termination after any of the following occurrences:

 a. Class Counsel and ABS mutually agree to termination before the Effective Date;

 b. the Court rejects, materially modifies, materially amends or changes, or declines to

preliminarily or finally approve the Settlement;

c.    an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

d.    the Court, or any reviewing appellate court, incorporates material terms or provisions into, deletes or strikes material terms or provisions from, or materially modifies, amends, or changes the proposed Preliminary Approval Order, Preliminary Approval Order, proposed Final Approval Order and Judgment, Final Approval Order and Judgment, or Settlement; or

e.    the Effective Date does not occur.

11.3.    In the event of a termination, as provided for in the Settlement, the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement shall cease to be of any force and effect; and any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion; the Parties shall return to the *status quo ante* in the Litigation, as if the Parties had not entered into this Settlement.  In such an event, the fact of this Settlement and that ABS did not oppose certification of any class under the Settlement, shall not be used or cited by any person or entity, including in any contested proceeding relating to certification of any proposed class. In addition, in the event of such a termination, all the Parties' respective pre-Settlement claims and defenses will be preserved, including all defenses to class certification.  Further, if ABS elects to terminate the Settlement pursuant to Section 11.1, the Parties agree to conduct good faith settlement discussions during a 30-day period following ABS's notice of termination, including renewed mediation if feasible.  If, after that 30-day period, a resolution is not reached, the case will go back into litigation, and ABS will not oppose, and will join in Plaintiffs' request for, the immediate resumption of the litigation status that existed at the time of the mediation.

### No Admission of Liability

12.1.    This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to this Agreement:

a.    Shall not be offered or received against ABS as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by ABS with respect to the truth of any fact alleged by any Plaintiff or the validity of any claim

that has been or could have been asserted in the Litigation or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of ABS;

b.  Shall not be offered or received against ABS as evidence of a presumption, concession or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by ABS;

c.  Shall not be offered or received against ABS as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against ABS, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

d.  Shall not be construed against ABS as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e.  Shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by ABS have any merit, or that damages recoverable under the Litigation would not have exceeded the amounts provided for in this Agreement.

12.2.   ABS disputes the claims alleged in the Litigation and does not, by this Settlement or otherwise, admit any liability or wrongdoing of any kind.  ABS has agreed to enter into this Settlement solely to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation and to be completely free of any further claims that were asserted or could have been asserted in the Litigation.

12.3.   Class Counsel and Settlement Class Representatives believe that the claims asserted in the Litigation have merit, and they have examined and considered the benefits to be obtained under the Settlement, risks associated with the continued prosecution of this complex, costly, and time-consuming Litigation, and likelihood of success on the merits of the Litigation.  Class Counsel and Settlement Class Representatives have concluded that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

12.4.   The Parties understand and acknowledge that this Settlement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Settlement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

12.5.   Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is, may be deemed to be, or may be used as an admission of, or evidence of, the validity of any claim made by Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Defendants' Released Persons; or (b) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Defendants' Released Persons in the Litigation or in any proceeding in any court, administrative agency, or other tribunal.

## Miscellaneous

13.1.   Confidentiality.  Prior to the filing of the motion for preliminary approval, the parties agree to keep the Settlement's terms and existence strictly confidential unless otherwise required by law or as reasonably determined by ABS as necessary or appropriate in order to comply with financial reporting and disclosure obligations.  The limitations in this Section shall not apply to: (1) communications between Plaintiffs' Counsel and their clients (including Settlement Class Members); (2) any SEC or other contractual or legal disclosure obligations that ABS may have; (3) ABS's communications with its employees; (4) the ability of the Parties to communicate about the Settlement, in order to facilitate notice to the class, as provided in the Settlement Agreement; (5) the ability of ABS to notify its insurers about the settlement; and (6) the ability of the Parties to communicate with necessary third parties for the purpose of facilitating the administration of the Settlement. The Parties may also disclose the Settlement's terms and existence to their insurers or auditors provided that they agree to maintain such information as confidential.  Neither party shall make any oral or written statement about the other party that is intended or reasonably likely to disparage the other party, or otherwise degrade the other party's reputation in connection with the Settlement.

13.2.   Escrow Account Bank.  Class Counsel, subject to ABS's approval, which shall not be unreasonably withheld, shall select the bank at which the Escrow Account shall be deposited, and all funds shall be held exclusively in an interest-bearing account or accounts where the principal will not decrease and is fully insured by the United States Government or an agency thereof, including certificates of deposit, a U.S. Treasury Fund, or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United

States Government.  The Escrow Account Bank shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  ABS shall not bear any responsibility for or liability related to the investment of the Escrow Account by the Escrow Account Bank.

13.3.   <u>Singular and Plurals.</u>  As used in this Settlement, all references to the plural shall also mean the singular and all references to the singular shall also mean the plural whenever the context so indicates.

13.4.   <u>Binding Effect.</u>  This Settlement shall be binding upon, and inure to the benefit of, the Successors and assigns of the Releasing Parties and Defendants' Released Persons.

13.5.   <u>Settlement Class Member Communications.</u>  ABS shall not substantively communicate with any Settlement Class Member during the pendency of the settlement approval process regarding this Litigation, the Settlement, the decision to opt out, or relief being awarded in the Settlement.  For purposes of clarity, this provision restricts only communications regarding the Litigation and/or Settlement; it does not purport to limit any other communications.

13.6.   <u>Cooperation of Parties.</u>  The Parties to this Settlement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, defend Court approval, and do all things reasonably necessary to complete and effectuate the Settlement, as described herein. Nothing in this provision is intended to limit any Party's right to terminate the Settlement in accordance with its terms.

13.7.   <u>Obligation to Meet and Confer.</u>  Before filing any motion in the Court raising a dispute arising out of, or related to, this Settlement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

13.8.   <u>Entire Agreement.</u>  This Settlement (along with any exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

13.9.   <u>Drafting</u>.  The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*.  This Agreement is a collaborative effort of the Parties and their attorneys.

13.10.  <u>Modification or Amendment</u>.  This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors.

13.11. <u>Waiver</u>.  The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

13.12. <u>Successors</u>.  This Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties thereto.

13.13. <u>Survival</u>.  The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

13.14. <u>No Conflict Intended</u>.  Any inconsistency between the headings used in this Settlement and the text of the paragraphs of this Settlement shall be resolved in favor of the text.

13.15. <u>Governing Law</u>.  The Settlement shall be construed in accordance with, and be governed by, the laws of the state of Oklahoma, without regard to the principles thereof regarding choice of law.

13.16. <u>Counterparts</u>.  This Settlement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

13.17. <u>Jurisdiction</u>.  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and Settlement Administration.  As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

13.18. <u>Exhibits</u>.  The Exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

13.19. <u>Notices</u>.  All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Joseph P. Guglielmo
SCOTT+SCOTT ATTORNEYS AT LAW LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: 212-223-6444
jguglielmo@scott-scott.com

    -or-

Gary F. Lynch
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
glynch@carlsonlynch.com

All notices to ABS provided for herein, shall be sent by overnight mail and email to:

Claudia D. McCarron
MULLEN COUGHLIN LLC
26 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Tel: 267-930-2098
cmccarron@mullen.law

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

13.20.  <u>Authority.</u>  Any person executing this Settlement in a representative capacity represents and warrants that they are fully authorized to do so and to bind the Party on whose behalf they sign this Settlement to all of the terms and provisions of this Settlement.

13.21.  <u>Arms' Length Negotiation.</u>  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

DATED: June 29, 2021

For Plaintiffs:

Gary F. Lynch
Kelly K. Iverson
Jamisen A. Etzel
Nicholas A. Colella
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com
kiverson@carlsonlynch.com
jetzel@carlsonlynch.com
ncolella@carlsonlynch.com

Joseph P. Guglielmo
Erin Green Comite
Joseph A. Pettigrew (Of Counsel)
**SCOTT+SCOTT ATTORNEYS AT
LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com
ecomite@scott-scott.com
jpettigrew@scott-scott.com

**FEDERMAN & SHERWOOD**
William B. Federman, OBA #2853
Molly E. Brantley, OBA #33126
Tyler J. Bean, OBA #33834
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
meb@federmanlaw.com
tjb@federmanlaw.com

For Defendant:

Claudia D. McCarron
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue
Suite 200
Devon, PA 19333
Telephone: 267-930-4770
Facsimile: 267-930-4771
cmccarron@mullen.law

**WOOD LAW FIRM, LLC**
E. Kirk Wood
P. O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205-908-4906
Facsimile:  866-747-3905
ekirkwood1@bellsouth.net

**GREG DAVIS LAW FIRM, LLC**
Greg L. Davis
7031 Halcyon Park Drive
Montgomery, AL 36117
Telephone: 334-832-9080
Facsimile: 334-409-7001

# Exhibit A

Proposed Claim Form

COMPLETE AND SIGN THIS FORM AND SUBMIT ONLINE NO LATER THAN _____, **2021** at
[WEBSITE]
or
SUBMIT BY MAIL POSTMARKED BY ___, **2021** to
American Bank Systems Data Security Incident Settlement, c/o Analytics Consulting, LLC, Settlement Administrator

## INSTRUCTIONS—READ CAREFULLY

- Use this form if you are a Settlement Class Member that is entitled to make a claim under the Settlement. For more information about who is a Settlement Class Member and details about the Settlement, see [website].

- To make a claim, fill out the "Settlement Class Member Information" on the next page, regardless of the type of Claim you are making.

- After this Instructions section, this form has two parts. All claimants should fill out Part I. The information in Part I will be used to verify all claimants, and will further be used to distribute any "Inconvenience Claims." No documentation is needed for claims submitted only under Part I.

- You should fill out Part II if you want to make a "Documented Loss Claim" and be eligible to receive up to $5,000.00 for reimbursement of documented, unreimbursed, out-of-pocket expenses as a result of identity theft or fraudulent activity experienced after October 1, 2020 (subject to potential *pro rata* reduction depending on the amount of valid Claims). To submit a valid Documented Loss Claim, you need to provide documentation to support your Claim, as further explained below. Documented Loss Claims are subject to review and validation by the Settlement Administrator and there is no guarantee that your Documented Loss Claim will be approved.

- You may file just one or both types of Claims, but if you intend to file a Documented Loss Claim in Part II, you must still complete Part I to verify that you are a Settlement Class Member.

- Please note that Settlement benefits will be distributed only after the Settlement is effective.

**Materials to Gather to Complete a Documented Loss Claim (Part II):** First, complete Part I to verify that you are a Settlement Class Member. Then, you will need to provide documentation to support the out-of-pocket expenses for which you seek reimbursement. Satisfactory documentation may include, but is not limited to, correspondence with financial institutions, credit reporting/monitoring companies or other third parties regarding out-of-pocket losses regarding identity theft or fraudulent activity, payment card and/or bank statements, and police reports.

## ** ALL CLAIMANTS MUST COMPLETE THE SECTION BELOW **

## PART I
### INCONVENIENCE CLAIM

***All claimants must complete this section.*** Please note that Inconvenience Claims will only be distributed if residual funds remain in the Common Fund after deduction of costs and expenses and distribution of approved Documented Loss Claims.

## SETTLEMENT CLASS MEMBER INFORMATION

**Name of Settlement Class Member**

1

**Mailing Address**

**City**                                                    **State**   **Zip Code**

**Daytime Phone**

**E-Mail Address (if provided, we will communicate primarily by email about your claim)**

<u>**SIGN THE CLAIM FORM ON THE LAST PAGE**</u>

## PART II

### DOCUMENTED LOSS CLAIM

**COMPLETE THIS SECTION IF YOU WANT TO MAKE A DOCUMENTED LOSS CLAIM.  IF YOU ONLY WANT TO MAKE AN INCONVENIENCE CLAIM, YOU CAN SKIP THIS SECTION, BUT YOU STILL NEED TO SIGN YOUR CLAIM FORM ON THE LAST PAGE.**

**For purposes of completing this section, please note that the maximum amount that a Settlement Class Member can receive for these claims is $5,000.  Depending on the amount of claims received, your claim may be reduced on a prorated basis.**

| | |
|---|---|
| 1. Did you incur unreimbursed, out-of-pocket expenses as a result of identity theft or fraudulent activity experienced after October 1, 2020?<br><br>**If the answer is no, you are not eligible for a Documented Loss Claim.** | ☐ YES   ☐ NO |

You will need to provide documentation.  Please refer to the Instructions regarding acceptable documentation for a **"Documented Loss Claim."**  Attach the supporting documentation for your claim, including a document describing what you have attached for this claim.  Clearly label the documentation (*e.g.*, with a cover sheet).

<u>**SIGN THE CLAIM FORM**</u>

By submitting this Claim Form, the above-named Settlement Class Member certifies that they are eligible to make a claim in this Settlement and that the information provided in this Claim Form is true and correct.  The Settlement Class Member declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  The above-named Settlement Class Member understands that this claim may be subject to audit, verification, and Court review, and that the Settlement Administrator may require supplementation of this claim or additional information from Settlement Class Member.  The representative signing this form certifies that it has authority to submit the form on behalf of the above-named Settlement Class Member.

_____          _____
Signature of Settlement Class Member                              Date

_____
Print Name

## CLAIM SUBMISSION REMINDERS

- You may submit your claim by mail or through the website at [WEBSITE].

- Please keep a copy of this claim form if submitting by mail.

- If you are making a claim in Part II, please be sure to follow the Instructions and include the required types of documentation.  Clearly label and describe the documentation (*e.g.*, with a cover sheet).

- Claims must be submitted through the website by _____, **2021,** or mailed so they are postmarked by _____, **2021**.

# Exhibit B

Proposed Long Form Notice (B-1)

Proposed Short Form Notice (B-2)

# Exhibit B-1

Proposed Long Form Notice

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

**If your personally identifying information was compromised as a result of the data security incident that American Bank Systems announced in 2020, you could get a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

**Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

- A Settlement has been proposed to resolve litigation against Defendant American Bank Systems, Inc. ("ABS" or "Defendant") brought by a putative class of individuals whose personal identifiable information ("PII") was compromised as a result of a third-party criminal cyberattack on Defendant's systems, which was announced in 2020 (the "Data Security Incident").

- The lawsuits—(i) *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); (ii) *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.); and (iii) *Lautman v. American Bank Systems, Inc.*, No. 2:20-cv-01959-RJC (W.D. Pa.)—assert claims on behalf of a class of individuals related to the Data Security Incident and ABS's data security practices.  These claims include alleged negligence, negligence per se, violations of Oklahoma unfair and deceptive trade practices statutes, unjust enrichment and seek injunctive and declaratory relief.  ABS denies these allegations, any wrongdoing, and that it is liable in any amount to the affected individuals.

- Under the Settlement, ABS has agreed to pay $1.7 million dollars into a Common Fund which will be used to pay all Plaintiff/Settlement Class member distributions, and any Court-approved reasonable Plaintiffs' attorneys' fees and expenses, Settlement Administrator's costs and expenses, and Plaintiffs' Service Awards up to $1,500 to each Settlement Class Representative.  Two types of claims may be made: "Documented Loss Claims" and "Inconvenience Claims."  A Settlement Class Member may make one or both types of claims.  The different types of claims are explained later in this notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If eligible, you will receive a cash payment.  This is the only way to get compensation from the Settlement. |
| **EXCLUDE YOURSELF** | If you ask to be excluded, you will not receive a cash payment, but you may be able to file your own lawsuit against ABS for the same claims.  This is the only option that leaves you the right to file your own lawsuit against ABS and/or Defendants' Released Persons (defined in the Settlement Agreement) for the claims that are being resolved by the Settlement.  In order to be effective, a request to be excluded from the Settlement must include all information required by the Settlement. |
| **OBJECT** | You can remain in the Settlement Class and file an objection telling the Court why you do not like the Settlement.  If your objections are overruled, you will be bound by the Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any cash payment.  If you do nothing, you will also forfeit your right to sue or bring any claim against ABS and/or Defendants' Released Persons related to the Data Security Incident. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

**Questions?  Visit [Website]**

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**.................................................................................. **Page X**

    1.  Why did I get this notice package?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a settlement?

**Who is Part of the Settlement** .............................................................. **Page X**

    5.  How do I know if I am part of the settlement?
    6.  Can I exclude myself from the settlement?
    7.  I am still not sure if I am included.

**The Settlement Benefits** ........................................................................ **Page X**

    8.  What does the settlement provide?
    9.  How much will my payment be?

**How to Get a Payment—Submitting a Claim Form** ...................................... **Page X**

    10.  How can I get a payment?
    11.  When would I get my payment?
    12.  What am I giving up to get a payment or remain in the Settlement Class?

**Excluding Yourself from the Settlement** ................................................. **Page X**

    13.  How can I opt out of the settlement?
    14.  If I don't opt out, can I sue ABS for the same thing later?
    15.  If I exclude myself, can I get money from this settlement?

**The Lawyers and Individuals Representing You** ........................................ **Page X**

    16.  Do I have a lawyer in the case?
    17.  How will the lawyers and individuals representing the class be paid?

**Objecting to the Settlement** .................................................................. **Page X**

    18.  How do I tell the Court that I do not like the settlement?
    19.  What is the difference between objecting and excluding/opting out?

**The Court's Final Approval Hearing** ...................................................... **Page X**

    20.  When and where will the Court decide whether to approve the settlement?
    21.  Do I have to attend the hearing?

**If You Do Nothing** ................................................................................ **Page X**

    22.  What happens if I do nothing at all?

**Getting More Information** ..................................................................... **Page X**

    23.  How do I get more information?

**Questions?  Visit [Website]**

## BASIC INFORMATION

| 1.   Why did I get this notice? |
|---|

Your PII may have been compromised related to the Data Security Incident. The Court authorized this notice because you have a right to know about your rights under a proposed class action settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, a settlement administrator appointed by the Court will make the cash payments that the Settlement allows.

This package explains the lawsuits, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the litigation is the United States District Court for the Western District of Oklahoma, and there are three cases at issue—(i) *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); (ii) *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.); and (iii) *Lautman v. American Bank Systems, Inc.*, No. 2:20-cv-01959-RJC (W.D. Pa.). The individuals who sued are called "Plaintiffs," and the company they sued, American Bank Systems, Inc., is the "Defendant."

| 2.   What is this lawsuit about? |
|---|

The lawsuits—(i) *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); (ii) *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.); and (iii) *Lautman v. American Bank Systems, Inc.*, No. 2:20-cv-01959-RJC (W.D. Pa.)—are related to the Data Security Incident and assert claims against ABS for alleged negligence, negligence per se, violations of Oklahoma unfair and deceptive trade practices statutes, unjust enrichment, and injunctive and declaratory relief. The Plaintiffs seek to recover damages incurred by banking customers as a result of the Data Security Incident. ABS denies the allegations and any wrongdoing, and that it is liable in any amount to the affected individuals. The Court has not decided whether ABS has any legal liability.

| 3.   Why is this a class action? |
|---|

In a class action, one or more persons called "class representatives" sue on behalf of themselves and other persons with similar claims. All of these entities together are the "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the settlement class.

| 4.   Why is there a settlement? |
|---|

The Court has not decided in favor of Plaintiffs or ABS. Instead, both sides agreed to the Settlement. The Settlement is not an admission that ABS did something wrong, but rather a compromise to end the lawsuit. By agreeing to settle, both sides avoid the costs, risks, and uncertainties of a trial and related appeals, while providing benefits to members of the Settlement Class. The Settlement Class Representatives and the attorneys for the Settlement Class think the Settlement is best for all class members.

## WHO IS PART OF THE SETTLEMENT

| 5.   How do I know if I am part of the settlement? |
|---|

You are a member of the Settlement Class and affected by the Settlement if:

- You are an individual in the United States (including its Territories and the District of Columbia); and
- Your PII was compromised in the Data Security Incident involving American Bank Systems which occurred between October and November 2020.

Specifically *excluded* from the Settlement Class are the Court and any immediate family members of the Court; directors and officers of ABS; parents and subsidiaries of ABS; and individuals who timely and validly request

**Questions?  Visit [Website]**

exclusion from the Settlement Class.

| **6. Are there exceptions to being included?** |
| --- |

If you exclude yourself from the Settlement, you are no longer part of the Settlement Class and will no longer be eligible to receive any of the Settlement benefits. This process of excluding yourself is also referred to as "opting out" of the Settlement.

| **7. I am still not sure if I am included.** |
| --- |

If you are still not sure whether you are included, you can ask for free help. You can visit [website] for more information. Or you can fill out and return the Claim Form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS

| **8. What does the settlement provide?** |
| --- |

Under the Settlement, ABS has agreed to pay $1.7 million dollars into a Common Fund which will be used to pay all Plaintiff/Settlement Class member distributions, and any Court-approved reasonable Plaintiffs' attorneys' fees and expenses, Settlement Administrator's costs and expenses, and Plaintiffs' Service Awards up to $1,500 to each Settlement Class Representative. Two types of claims may be made: "Documented Loss Claims" and "Inconvenience Claims." A Settlement Class Member may make one or both types of claims. The two types of claims are further explained in the next section.

| **9. How much will my payment be?** |
| --- |

If your PII was compromised in the Data Security Incident and you do not "opt out" of the Settlement, you may be eligible for a payment under the Settlement. If you file a timely and valid claim, the amount you receive will depend on the type of claim(s) filed and other variables. The two types of claims are described below:

- **Inconvenience Claims**: All Settlement Class Members who submit a valid Claim are eligible to receive a cash payment paid as equal shares of all funds remaining in the Settlement Fund after deduction of attorneys' fees/expenses, Service Awards, administration/notice costs, and payment of all valid Documented Loss Claims. Settlement Class Members making these claims are not required to provide any other documentation of their losses.

- **Documented Loss Claims**: Settlement Class Members who submit a valid Claim for reimbursement of documented, unreimbursed, out-of-pocket expenses as a result of identity theft or fraudulent activity experienced after October 1, 2020 may receive up to $5,000 per Settlement Class Member. The amount received may be subject to *pro rata* reduction as discussed below. This type of Claim must be supported with documentation. Claims are subject to review and approval by the court-appointed Settlement Administrator and there is no guarantee that a Documented Loss Claim will be approved.

    o A Documented Loss Claim shall be supported by documentation that demonstrates that the Settlement Class Member suffered an out-of-pocket loss as a result of identity theft or fraudulent activity experienced after October 1, 2020. Satisfactory documentation may include, but is not limited to, correspondence with financial institutions, credit reporting/monitoring companies or other third parties regarding out-of-pocket losses regarding identity theft or fraudulent activity, payment card and/or bank statements, and police reports. No specific documentation shall be required, but the Settlement Administrator may reject any claims that, in the Settlement Administrator's discretion, are not substantiated with sufficient documentary evidence or are related to transactions that would require information not compromised in the Data Security Incident to complete.

**Questions?  Visit [Website]**

Documented Loss Claims are subject to a *pro rata* reduction if the total of all valid Documented Loss Claims exceeds $1,700,000 after payment of attorneys' fees and expenses, Service Awards, and administration and notice costs. Settlement Class Members may submit one or both types of Claims, if applicable, and may submit multiple types of Documented Loss Claims, if applicable, but no Settlement Class Member will receive more than $5,000 total for Documented Loss Claims.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

**10. How can I get a payment?**

To qualify for a payment, you must complete and submit a valid Claim Form, which is included with this Notice.  You may also get this Claim Form on the internet at [Website].  All Settlement Class Members who wish to receive compensation must complete and submit a Claim Form and follow its instructions, including submitting supporting documentation as needed.

To properly complete and timely submit a Claim Form, you should read the instructions carefully, include all information required by the Claim Form, sign it, and either submit the signed Claim Form electronically through [Website] by _____, 2021 or mail it to the Settlement Administrator postmarked no later than _____, 2021 at the following address:

[Settlement Administrator Address Info] Analytics Consulting, LLC]

The Settlement Administrator will review your claim to determine its validity and the amount of your payment.

**11. When would I get my payment?**

The Court will hold a hearing on _____ to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved and resolving them takes time, perhaps years.  Payments to Settlement Class Members will be made after the Settlement is finally approved and any appeals or other related proceedings have been completed as set forth in the Settlement Agreement.  You may visit [Website] for updates on the progress of the Settlement.  Please be patient.

**12. What am I giving up to get a payment or remain in the Settlement Class?**

Unless you exclude yourself from the Settlement, you cannot sue, or be part of any other lawsuit against, ABS or Defendants' Released Persons (as defined in the Settlement) relating to the Data Security Incident.  The specific claims you are giving up against ABS and Defendants' Released Persons are described in the Settlement Agreement.  The terms of the release are described in Section 9 of the Settlement Agreement.  Read it carefully.  The Settlement Agreement is available at [Website].

If you have any questions, you can talk to the law firms listed in Question 16 for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

If you want to keep your rights to sue or continue to sue ABS based on claims this Settlement resolves, you must take steps to exclude yourself from the Settlement Class (*see* Questions 13-15).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How can I opt out of the settlement?**

To exclude yourself from the Settlement, or "opt out," you must send a letter by U.S. Mail that includes the information in the bullet points below.  If you fail to include this information, **the notice of exclusion will be ineffective and you will be bound by the Settlement, including all releases.**

- The name of one of the constituent actions in this Court—(i) *McPherson v. American Bank Systems,*

**Questions?  Visit [Website]**

*Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); or (ii) *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.);

- Your full name, address, email address, and phone number; and
- The words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement.

You must mail via first class postage prepaid United States mail the completed above-described letter, postmarked no later than _____, 2021, to each of the following addresses:

| Settlement Administrator | Settlement Class Counsel | Defense Counsel |
|---|---|---|
| American Bank Systems, Inc. Data Security Incident Settlement c/o Analytics Consulting, LLC P.O. Box _____ | Joseph P. Guglielmo SCOTT+SCOTT ATTORNEYS AT LAW LLP 230 Park Avenue, 17th Floor New York, NY 10169 jguglielmo@scott-scott.com | Claudia D. McCarron MULLEN COUGHLIN LLC 26 W. Lancaster Ave, Suite 200 Devon, PA 19333 cmccarron@mullen.law |

If you ask to be excluded, you will not get any payment as part of this Settlement, and you cannot object to this Settlement. You will not be legally bound by anything that happens in the Settlement and related proceedings. You may be able to sue (or continue to sue) ABS in the future. If you object to the Settlement and seek to exclude yourself, you will be deemed to have excluded yourself.

### 14. If I don't opt out, can I sue ABS for the same thing later?

No. Unless you exclude yourself from the Settlement, you give up any right to sue ABS and Defendants' Released Persons (as defined in the Settlement Agreement) for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Settlement to continue your own lawsuit. Remember, the exclusion deadline is _____, 2021.

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a Claim Form asking for a payment.

## THE LAWYERS AND INDIVIDUALS REPRESENTING YOU

### 16. Do I have a lawyer in the case?

Yes. The Court appointed to represent you and other members of the Settlement Class the following law firms: (i) Scott+Scott Attorneys at Law LLP, in New York, New York; and (ii) Carlson Lynch, LLP, in Pittsburgh, Pennsylvania ("Class Counsel."). You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers and individuals representing the class be paid?

Class Counsel initiated the lawsuits and prosecuted the litigation on behalf of the Plaintiffs and Settlement Class Members. Class Counsel worked on a contingent basis, which means that they would receive a fee only if the lawsuits were successful. None of the lawyers has yet received any payment for their time or expenses. If approved by the Court, the Common Fund will fund Class Counsel's reasonable attorneys' fees and expenses, Service Awards to each Settlement Class Representative (discussed next), and notice and settlement administration costs. Class Counsel intend to ask the Court to approve an award of reasonable costs and attorneys' fees.

The Settlement Class is represented by three named individuals (the "Settlement Class Representatives"). In addition to the benefits that the Settlement Class Representatives will receive as members of the Settlement Class—and subject to the approval of the Court—ABS has agreed that the Common Fund will provide Service Awards of up to a

**Questions?  Visit [Website]**

maximum of $1,500 to each of the Settlement Class Representatives for the efforts that they have expended on behalf of the Settlement Class.

The Court will determine whether to approve the amount of fees and costs and expenses requested by Class Counsel and the proposed Service Awards to the Settlement Class Representatives at the Final Approval Hearing scheduled for _____, 2021.  Class Counsel will file an application for fees, expenses, and Service Awards no later than [100 days after the entry of the Preliminary Approval Order, and 14 days before the Opt-out and Objection Deadline].  The application will be available on the Settlement Website ([Website]) or you can request a copy by contacting the Settlement Administrator (*see* Question 23).

## OBJECTING TO THE SETTLEMENT

| **18. How do I tell the Court that I do not like the settlement?** |
| --- |

If you are a Settlement Class Member, you can object to the Settlement if you do not think it is fair, reasonable, or adequate.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If you both object to the Settlement and seek to exclude yourself, you will be deemed to have excluded yourself and your objection will be deemed null and void.

Your objection must be in writing, and must include:

- The name of one of the constituent actions in this Court—(i) *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); or (ii) *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.);
- Your full name, address, email address, and telephone number;
- An explanation of the basis for why you are a Settlement Class Member;
- Whether the objection applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class;
- All grounds for the objection stated with specificity, accompanied by any legal support for the objection;
- The identity of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, Class Counsel's request for attorney's fees, Service Awards, and/or notice and administration costs;
- The identity of all representatives (including counsel representing you) who will appear at the Final Approval Hearing;
- The number of times in which you have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you have made such objection, and a copy of any orders related to or ruling upon your prior such objections that were issued by the trial and appellate courts in each listed case;
- The number of times in which your counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that you filed the objection, the caption of each case in which the counsel or the firm has made such an objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;
- If you are represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include: (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing you and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;
- Any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between you or your counsel and any other person or entity;
- A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;
- a statement indicating whether you intend to personally appear and/or testify at the Final Approval Hearing;
- ***All other information specified in the Preliminary Approval Order*** (available on the settlement website,

**Questions?  Visit [Website]**

[Website]), and
- Your signature on the written objection.

Any objection must be either filed electronically with the Court or mailed to the Clerk of the Court, Class Counsel, *and* ABS's counsel at the addresses set forth below.  The objection must be electronically filed, or if mailed postmarked, no later than _____, 2021.

| Court | Settlement Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court | Joseph P. Guglielmo | Claudia D. McCarron |
| USDC, Western District of | SCOTT+SCOTT ATTORNEYS | MULLEN COUGHLIN LLC |
| Oklahoma | AT LAW LLP | 26 W. Lancaster Avenue, Suite 200 |
| William J. Holloway Jr. | 230 Park Avenue, 17th Floor | Devon, PA 19333 |
| United States Courthouse | New York, NY 10169 | cmccarron@mullen.law |
| 200 Northwest Fourth Street | jguglielmo@scott-scott.com | |
| Oklahoma City, OK 73102 | | |

In addition, any Settlement Class Member who objects to the proposed Settlement Agreement may be required to appear for a deposition regarding the grounds for their objection, and must provide along with their objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five days before the Final Approval Hearing.

---

**19. What is the difference between objecting and excluding myself/opting out?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object to the benefits provided by the Settlement or other terms of the Settlement only if you stay in the Settlement Class.  Excluding yourself or "opting out" is telling the Court that you don't want to be included in the Settlement Class.  If you exclude yourself, you have no basis to object to the Settlement and related releases because the Settlement no longer affects you.

# THE COURT'S FINAL APPROVAL HEARING

---

**20. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval Hearing on _____ 2021, in Courtroom ▯ before United States District Judge Charles Goodwin of the United States District Court for the Western District of Oklahoma, at the William J. Holloway Jr. United States Courthouse, 200 Northwest Fourth St., Oklahoma City, OK 73102, or at such other time, location, and venue as the Court may Order.  This hearing date and time may be moved.  Please refer to the settlement website ([Website]) for notice of any changes.

By no later than [100 days after the entry of the Preliminary Approval Order, and 14 days prior to Opt-out and Objection Deadline,] Class Counsel shall file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, expenses, and for Service Awards.  Objectors, if any, shall file any response to Class Counsel's motions [no later than 114 days after the entry of the Preliminary Approval Order].  By no later than [128 days after the entry of the Preliminary Approval Order], responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, expenses, and for Service Awards shall be filed.

At the Final Approval Hearing, the Court will consider, among other things, whether the Settlement is fair, reasonable, and adequate; how much Plaintiffs' lawyers will receive as attorneys' fees and costs and expenses; and whether to approve Service Awards to the Settlement Class Representatives.  If there are objections, the Court will consider them. The Court will listen to people at the hearing who file in advance a timely notice of their intention to appear (*see* Question 18).  At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement.  There is no deadline by which the Court must make its decision.

**Questions?  Visit [Website]**

**21. Do I have to attend the hearing?**

No.  Class Counsel will answer questions the Court may have.  You are welcome, however, to come at your own expense.  If you submit an objection, you do not have to come to the Court to talk about it.  As long as you submitted your objection timely and in accordance with the requirements for objecting set out of the Settlement (*see* Question 18), the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you are a Settlement Class Member and do nothing, you will remain a part of the Settlement Class but will not get any payments from the Settlement.  And, unless you exclude yourself, you will not be able to sue ABS about the claims being resolved through this Settlement ever again.  See the Settlement Agreement for more details about the releases.

## GETTING MORE INFORMATION

**23. How do I get more information?**

This notice summarizes the Settlement.  More details are in the Settlement Agreement itself.  You can get a copy of the Settlement Agreement at ([Website]).

***Please do not contact the Court or Defendants with questions about the Settlement.***

**Questions?  Visit [Website]**

# Exhibit B-2

Proposed Short Form Notice

## <u>LEGAL NOTICE</u>

**If your personally identifying information was compromised as a result of the data security incident that American Bank Systems announced in 2020, you could get a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

***Your legal rights are affected whether you act or don't act.  Read this notice carefully.***

A Settlement has been proposed to resolve litigation against Defendant American Bank Systems, Inc. ("ABS" or "Defendant") brought by a putative class of individuals whose personal identifiable information ("PII") was compromised as a result of a third-party criminal cyberattack on Defendant's systems, which was announced in 2020 (the "Data Security Incident").  If you qualify, you may send in a claim form to get benefits, or you can exclude yourself from the Settlement, or object to it.  The United States District Court for the Western District of Oklahoma authorized this notice.  Before any money is paid, the Court will have a hearing to decide whether to approve the Settlement.

### Who Is Included?

You are a member of the Settlement Class and affected by the Settlement if:

(1)  You are an individual in the United States (including its Territories and the District of Columbia); **and**

(2)  Your PII was compromised in the Data Security Incident involving American Bank Systems which occurred between October and November 2020.

### What Is This Case About?

The lawsuits—(i) *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); (ii) *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.); and (iii) *Lautman v. American Bank Systems, Inc.*, No. 2:20-cv-01959-RJC (W.D. Pa.)—assert claims on behalf of a class of individuals related to the Data Security Incident and ABS's data security practices.  These claims include alleged negligence, negligence per se, violations of Oklahoma unfair and deceptive trade practices statutes, unjust enrichment and seek injunctive and declaratory relief.  ABS denies these allegations, any wrongdoing, and that it is liable in any amount to the affected individuals.

### What Does the Settlement Provide?

Under the Settlement, ABS has agreed to pay $1.7 million dollars into a Common Fund which will be used to pay all Plaintiff/Settlement Class member distributions, and any Court-approved reasonable Plaintiffs' attorneys' fees and expenses, Settlement Administrator's costs and expenses, and Plaintiffs' Service Awards up to $1,500 to each Settlement Class Representative.  In addition, ABS has agreed to adopt and/or maintain certain practices related to its data security.

Two types of claims may be made: "Documented Loss Claims" and "Inconvenience Claims."  A Settlement Class Member may make one or both types of claims.  For Documented Loss Claims, Settlement Class Members who submit a valid Claim for reimbursement of documented, unreimbursed, out-of-pocket expenses as a result of identity theft or fraudulent activity experienced after October 1, 2020 may receive up to $5,000 per Settlement Class Member.  The amount received may be subject to *pro rata* reduction as discussed below.  This type of Claim must be supported with documentation.  For Inconvenience Claims, all Settlement Class Members who submit a valid Claim are eligible to receive a cash payment paid as equal shares of all funds remaining in the Settlement Fund after deduction of attorneys' fees/expenses, Service Awards, administration/notice costs, and payment of all valid Documented Loss Claims.  Settlement Class Members making these claims are not required to provide any other documentation of their losses.  More information about the types of Claims and the information required to file them is available at the Settlement Website.

### How Do You Ask for a Payment?

A detailed notice and Claim Form package contains everything you need.  Just visit the website below to get one.  To qualify for a payment, you must send in a complete and valid Claim Form, which can be submitted electronically or by mail.  Claim Forms must be submitted electronically, or if mailed, postmarked, by [**Month 00, 2021**].

### What Are Your Other Options?

If you do not want to be legally bound by the Settlement, you must exclude yourself by [**Month 00, 2021**], or you will not be able to sue, or continue to sue, ABS or any other Defendants' Released Persons (as defined in the Settlement Agreement) for any of the claims resolved by the Settlement.  To exclude yourself, you must provide all required information.  If you exclude yourself, you cannot get money from this Settlement.  If you stay in the Settlement Class but wish to object, you must do so by [**Month 00, 2021**].  Details for excluding yourself or objecting to the Settlement can be found in the Settlement Agreement available on the Settlement Website.

The Court will hold a hearing in this case on [**Month 00, 2021**], to consider whether to approve the Settlement.  At the hearing, the Court will also consider a request by the lawyers representing all Settlement Class Members for attorneys' fees, costs, and expenses for investigating the facts, litigating the case, and negotiating the Settlement, as well as for Service Awards to the Settlement Class Representatives for their time participating in the case.  You may ask to appear at the hearing, but you do not have to.

### Want More Information?

For more information, please visit the website at [Website].

| For more information, visit: | [Settlement Website Address] |
|---|---|

# Exhibit C

Proposed Postcard Notice

A class action settlement has been reached with American Bank Systems, Inc. ("ABS" or "Defendant").  The lawsuit alleges that certain individuals' personal identifiable information ("PII") was compromised as a result of a third-party criminal cyberattack on Defendant's systems, which was announced in 2020 (the "Data Security Incident"). These claims include alleged negligence, negligence per se, violations of Oklahoma unfair and deceptive trade practices statutes, unjust enrichment and seek injunctive and declaratory relief.  ABS denies these allegations, any wrongdoing, and that it is liable in any amount to the affected individuals.

**Who is included?** You are a member of the Settlement Class and affected by the Settlement if: 1) You are an individual in the United States (including its Territories and the District of Columbia); **and** 2) your PII was compromised in the Data Security Incident involving American Bank Systems which occurred between October and November 2020.  You received this notice because records indicate you may be a Settlement Class Member.

**What Does the Settlement Provide?**  Under the Settlement, ABS has agreed to pay $1.7 million dollars into a Common Fund which will be used to pay all Plaintiff/Settlement Class member distributions, and any Court-approved reasonable Plaintiffs' attorneys' fees and expenses, Settlement Administrator's costs and expenses, and Plaintiffs' Service Awards up to $1,500 to each Settlement Class Representative.  In addition, ABS has agreed to adopt and/or maintain certain practices related to its data security.

Two types of claims may be made: "Documented Loss Claims" and "Inconvenience Claims."  A Settlement Class Member may make one or both types of claims.  For Documented Loss Claims, Settlement Class Members who submit a valid Claim for reimbursement of documented, unreimbursed, out-of-pocket expenses as a result of identity theft or fraudulent activity experienced after October 1, 2020 may receive up to $5,000 per Settlement Class Member. For Inconvenience Claims, all Settlement Class Members who submit a valid Claim are eligible to receive a cash payment paid as equal shares of all funds remaining in the Settlement Fund after deduction of attorneys' fees/expenses, Service Awards, administration/notice costs, and payment of all valid Documented Loss Claims.  More information about the types of Claims and the information required to file them is available at the Settlement Website.

**How can I get a payment**? A detailed notice and Claim Form package contains everything you need.  Just visit the website below to get one.  To qualify for a payment, you must send in a complete and valid Claim Form, which can be submitted electronically or by mail.  Claim Forms must be submitted electronically, or if mailed, postmarked, by **[Month 00, 2021]**.

**Your other options.** If you do not want to be legally bound by the Settlement you must exclude yourself by **[Month 00, 2021]**.  You may object to the Settlement by **[Month 00, 2021]**.  The Detailed Notice available on the website explains how to exclude yourself or object.  The Court will hold a hearing in this case on **[Month 00, 2021]**, to consider whether to approve the Settlement.  At the hearing, the Court will also consider a request by the lawyers representing all Settlement Class Members for attorneys' fees, costs, and expenses for investigating the facts, litigating the case, and negotiating the Settlement, as well as for Service Awards to the Settlement

Class Representatives for their time participating in the case.  You may ask to appear at the hearing, but you do not have to.

Class Counsel will file an application for fees, expenses, and Service Awards no later than **Month 00, 2021].**  The application will be available on the Settlement Website or you can request a copy by contacting the Settlement Administrator

www.DOMAIN.COM  •  1-888-555-121

Front of Postcard:

American Bank Systems, Inc. Data Security Incident Settlement
c/o Analytics Consulting, LLC
P.O. Box _____

**If your personally identifying information was compromised as a result of the data security incident that American Bank Systems announced in 2020, you could get a payment from a class action settlement.**

# Exhibit D

Proposed Claims Administration and Distribution Plan

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRACY MCPHERSON, on behalf of himself and all others similarly situated, | Civil Action No. 5:20-cv-01307-G |
| Plaintiff, | |
| v. | |
| AMERICAN BANK SYSTEMS, INC., | |
| Defendant. | |
| LARRY LYLES, on behalf of himself and all others similarly situated, | Civil Action No. 5:21-cv-00023-G |
| Plaintiff, | |
| v. | |
| AMERICAN BANK SYSTEMS, INC. | |
| Defendant. | |

## CLAIMS ADMINISTRATION AND DISTRIBUTION PLAN

The provisions below are subject to the terms and definitions set forth in the Settlement Agreement and Release (the "Agreement") filed with the Court in the lawsuits styled *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); and *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.) (collectively with *Lautman v. American Bank Systems, Inc.*, No. 2:20-cv-01959-RJC (W.D. Pa.), the "Litigation"). Terms used throughout this Claims Administration and Distribution Plan (the "Plan") shall have the same meaning as in the Agreement. To the extent any provisions in this Plan are inconsistent with the Agreement, those terms in the Agreement control. The Court overseeing the Litigation shall have the ultimate oversight and approval of this Plan.

I.      <u>Claims Period</u>.  The Claims Period will run for 180 days after the Notice Deadline.

II.     <u>Claims Process</u>.  Settlement Class Members may submit Claim Forms to the Settlement Administrator electronically through the Settlement Website or by mail to the Settlement Administrator.  Claim Forms must be submitted electronically or postmarked before midnight on the final day of the Claims Period.  All Claims Forms must be submitted during the Claims Period and in the manner set forth in the Agreement and this Plan.

      A.      The Settlement Administrator will mail or email copies of the Claim Form and Notice to Settlement Class Members and will make copies of the Claim Form and Notice available on the Settlement Website.  Settlement Class Members submitting a claim must submit an accurate and complete Claim Form, signed under penalty

1

of perjury, and supporting documentation as needed, to the Settlement Administrator.

B.   In its discretion, to be reasonably exercised, the Settlement Administrator will review, determine the validity of, de-duplicate using standard approaches, and process all Claim Forms submitted by Settlement Class Members. The Settlement Administrator may require supplementation of a Claim Form or additional information to validate or audit a submitted claim. To the extent that a Settlement Class Member fails to provide, if requested, any supplementation or additional information, the Settlement Administrator may determine that the Settlement Class Member failed to submit a valid claim and therefore reject that claim. Subject to the appeal rights set forth herein, the decision of the Settlement Administrator with respect to the validity of a claim shall be final.

C.   The Settlement Administrator will process valid claims of Settlement Class Members and distribute payments after the Effective Date.

III.   <u>Inconvenience Claims</u>.  In addition to Documented Loss Awards, Settlement Class Member may receive financial compensation for Inconvenience Claims, which will be paid as equal shares of all funds remaining in the Settlement Fund after deduction of attorneys' fees/expenses, Service Awards, administration/notice costs, and payment of all valid Documented Loss Claims ("Inconvenience Award"). To receive an Inconvenience Award, a Settlement Class Member must submit a valid Claim Form. Settlement Class Members do not need to submit evidence of costs that they incurred in order to be eligible to receive an Inconvenience Award. The Settlement Administrator, in its discretion to be reasonably exercised, will evaluate Inconvenience Claims to determine whether the claimant is a Settlement Class Member and submitted a complete and accurate Claim Form.

IV.   <u>Documented Loss Claims</u>.  Settlement Class Members may receive financial compensation for Documented Loss Claims, not to exceed $5,000 per Settlement Class Member, subject to a *pro rata* reduction as discussed below ("Documented Loss Award").

A.   A Settlement Class Member may submit a claim for reimbursement of documented, unreimbursed, out-of-pocket expenses as a result of identity theft or fraudulent activity experienced after October 1, 2020.

B.   A Documented Out-of-Pocket Claim shall be supported by documentation that demonstrates that the Settlement Class Member suffered an out-of-pocket loss as a result of identity theft or fraudulent activity experienced after October 1, 2020. Satisfactory documentation may include, but is not limited to, correspondence with financial institutions, credit reporting/monitoring companies or other third parties regarding out-of-pocket losses regarding identity theft or fraudulent activity, payment card and/or bank statements, and police reports. No specific documentation shall be required, but the Settlement Administrator may reject any claims that, in the Settlement Administrator's discretion, are not substantiated with sufficient documentary evidence or are related to transactions that would require information not compromised in the Data Security Incident to complete.

C.     The Settlement Administrator shall: a) verify that each individual that submits a Documented Loss Claim is a Settlement Class Member and submitted a complete and accurate Claim Form, including the required documentation; b) evaluate the Claim Form and required documentation to determine: (i) whether the Documented Loss Claims are of the type permitted; and (ii) whether the Documented Loss Claims are unreimbursed out-of-pocket expenses incurred as a result of identity theft or fraudulent activity experienced after October 1, 2020.

V.     <u>Disputes and Appeals</u>.

A.     To the extent the Settlement Administrator determines a Documented Loss Claim or Inconvenience Claim is deficient in whole or in part (a "Disputed Claim"), within 14 days after making such a determination, or as soon as reasonably practicable, the Settlement Administrator shall notify the claimant, via email or mail to the address specified in the Claim Form, of the deficiency identified by the Settlement Administrator. By way of example only, an Inconvenience Claim may be determined to be deficient if the claimant is not identified in the class list provided to the Settlement Administrator (the "Class List"), and a Documented Loss Claim may be determined to be deficient if no documentation is provided or the documentation does not support the claim that the out-of-pocket expenses were incurred as a result of identity theft or fraudulent activity experienced after October 1, 2020. The Settlement Administrator shall have the sole discretion and authority to determine whether a Documented Loss Claim or Inconvenience Claim is deficient in whole or in part but may consult with the Parties in making individual determinations. Within 14 days of such notice, the claimant shall respond to the Settlement Administrator by reply email or mail stating whether the claimant accepts the Settlement Administrator's determination regarding the claim, rejects the Settlement Administrator's determination regarding the claim, or seeks to cure the identified deficiencies. Any attempt to cure the identified deficiency, such as by providing additional information, an amended Claim Form, or amended or additional documentation, must be submitted by the claimant along with its reply email or mail.

1.     If the claimant agrees with the Settlement Administrator's decision or fails to timely respond to the notice provided hereunder, then the Settlement Administrator's determination regarding the claim shall be deemed final.

2.     If the claimant rejects the Settlement Administrator's determination regarding the Disputed Claim or seeks to cure the identified deficiencies, the Settlement Administrator will have 10 days to reconsider its original determination, or as soon as reasonably practicable, make a final determination, and communicate the final determination to the claimant by email or mail (the "Final Determination"). The claimant will then have 10 days to reply to the Settlement Administrator and accept or reject the Final Determination. If a claimant fails to timely respond to the notice provided hereunder, then the claimant shall be deemed to have accepted the Settlement Administrator's Final Determination.

3

B.   If the claimant disputes a Final Determination, then the Settlement Administrator shall provide Class Counsel and ABS's counsel a copy of the Settlement Class Member's dispute and Claim Form along with all documentation or other information submitted by the claimant.

1.   Class Counsel and ABS's counsel will confer regarding the claim submission.  If Class Counsel and ABS's counsel agree on approval or rejection of the claim, in whole or in part, then that determination shall be final.

2.   If Class Counsel and ABS's counsel cannot agree on approval or rejection of the claim, in whole or part, the dispute will be submitted to the Court. The Court will have final, non-appealable decision-making authority.

VI.   <u>Creation of Escrow Account</u>:  Within 30 days or as soon thereafter as is reasonably practicable after the entry of the order preliminarily approving the Settlement and approving the Settlement Administrator, the Settlement Administrator shall create the Escrow Account. Also within 30 days of the entry of the order preliminarily approving the Settlement and approving the Settlement Administrator, ABS will transfer up to $50,000 from the Common Fund to the Escrow Account to defray the actual expenses of notice of the Class Action Settlement and all expenses attendant to the administration of the proposed class action settlement.  ABS will pay the balance of the Common Fund within twenty (20) days after the Effective Date as defined in the Settlement Agreement and Release (the "Funds Transfer Date").  These funds will be used for payment of Approved Claims, administration and notice costs, attorneys' fees and expenses, Service Awards, and shall not exceed $1,700,000.

VII.   <u>Payment Process for Approved Claims</u>:

A.   Immediately following the Funds Transfer Date described in Section VI, above, the Settlement Administrator shall begin to process payments for Approved Claims.

B.   Within thirty (30) days of the Funds Transfer Date, or as soon thereafter is reasonably practicable after the Funds Transfer Date, the Settlement Administrator shall begin mailing checks for the amount of any Approved Documented Loss Claims to the address provided by the Settlement Class Member in the Claim Form or to the Settlement Class Member's preferred address if updated with the Claims Administrator.  If a check is returned as undeliverable with forwarding address information, the Settlement Administrator shall re-mail the check to the updated address as indicated.  For any checks that are returned undeliverable without forwarding address information, the Settlement Administrator will make reasonable efforts to re-deliver the check, including verifying if an updated address or contact person is available, and by attempting to contact the Settlement Class Member in order to obtain an updated address or contact person.

C.   Any check will include its expiration date, if applicable, and the Settlement Class Member's name.  The Settlement Administrator will inform the Settlement Class

4

Member that the check is for the "American Bank Systems Data Security Incident Settlement."  Checks not cashed within 180 days shall no longer be valid.

D.     If, after all appeals have been resolved pursuant to Section V, above, and all checks issued under this Section VII have expired, any funds remain in the Escrow Account ("Residual Funds"), the Settlement Administrator shall begin mailing checks for the amount of any Approved Inconvenience Claims, using the same procedure as for Approved Documented Loss Claims.

E.     If any Residual Funds remain in the Escrow Account after the Approved Inconvenience Claim Distribution, the Residual Funds shall be paid to an organization agreed to by the Parties and approved by the Court.

VIII.   *Pro Rata* Reductions:  In the event that the total amount of Documented Loss Awards exceeds $1,700,000 in the aggregate, each Settlement Class Member that is entitled to receive a Documented Loss Award will receive a prorated percentage of its approved Documented Loss Award.

# Exhibit E

Proposed Preliminary Approval Order

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRACY MCPHERSON, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>             v.<br><br>AMERICAN BANK SYSTEMS, INC.,<br><br>                              Defendant. | Civil Action No. 5:20-cv-01307-G |
| LARRY LYLES, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>             v.<br><br>AMERICAN BANK SYSTEMS, INC.<br><br>                              Defendant. | Civil Action No. 5:21-cv-00023-G |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement between Mitchell Lautman, Tracy McPherson, and Larry Lyles (collectively, "Plaintiffs"), for themselves and on behalf of the Settlement Class, and American Bank Systems, Inc. ("ABS" or "Defendant") for consideration of whether the Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.  Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is likely to be certified for settlement

purposes, and the proposed notice plan is approved.[1]  Accordingly, good cause appearing in the

record, Plaintiffs' Motion is GRANTED, and **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

(1)     The Court finds that it is likely to certify the following Settlement Class:

All individuals in the United States, and its territories, whose PII was compromised
in the Data Security Incident involving American Bank Systems which occurred
between October and November 2020.

Excluded from the Settlement Class are the Court, and any immediate family
members of the Court; directors, officers, and employees of Defendant; parents,
subsidiaries, and any entity in which Defendant has a controlling interest; and
individuals who timely and validly request exclusion from the Settlement Class.

This Settlement Class is provisionally certified for purposes of settlement only.

(2)  The Court determines that for settlement purposes the proposed Settlement Class likely

meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the

Settlement Class is so numerous that joinder of all members is impractical; that there are common

issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent

Settlement Class Members; that the Settlement Class Representatives will fairly and adequately

protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict

with the Settlement Class and have retained experienced and competent counsel to prosecute this

matter; that common issues predominate over any individual issues; and that a class action is the

superior means of adjudicating the controversy.

(3)     Plaintiffs are designated and appointed as Settlement Class Representatives.

(4)     The following lawyers are designated as Class Counsel pursuant to Fed. R. Civ. P.

23(g):  Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP; and Gary F. Lynch of Carlson

---

[1]     Unless otherwise indicated, capitalized terms used herein have the same meaning as in the
Settlement.

Lynch, LLP.  The Court finds that Mssrs. Guglielmo and Lynch and their respective law firms are experienced and will adequately protect the interests of the Settlement Class.

<u>**Preliminary Approval of the Proposed Settlement**</u>

(5)    Upon preliminary review as required under Rule 23(e)(2), the Court finds it will likely be able to approve the proposed Settlement, that the Settlement appears to be fair, reasonable, and adequate, and that it warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

<u>**Final Approval Hearing**</u>

(6)    A Final Approval Hearing shall take place before the Court on _____, 2021 at ____ a.m./p.m. in Courtroom ____ before United States District Judge Charles Goodwin of the United States District Court for the Western District of Oklahoma, William J. Holloway Jr. United States Courthouse, 200 Northwest Fourth St., Oklahoma City, OK, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, expenses, and notice and administration costs should be approved; and (f) the application for Service Awards to the Settlement Class Representatives should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)    Class Counsel shall submit their application for attorneys' fees, expenses, and notice and administration costs, and the application for Service Awards no later than 100 days after

the entry of this Order.  Objectors, if any, shall file any response to Class Counsel's motions no later than 114 days after the entry of this Order.  By no later than 128 days after the entry of this Order, responses, if any, shall be filed to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, expenses, notice and administration costs, and Service Awards shall be filed.

(8)      Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(9)      Analytics Consulting, LLC ("Analytics") is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Settlement Administrator as set forth in the Settlement.  The Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid out of the Common Fund, only to the extent provided in the Settlement.

## Notice to the Class

(10)     The Notice Program set forth in the Settlement, including the forms of Notice and Claim Form attached as exhibits to the Settlement, satisfies the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved.  Non-material modifications to the

exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement and to perform all other tasks that the Settlement requires.

(11)     The Court finds that the form, content, and method of giving notice to the Settlement Class, as described in the Settlement and exhibits therefore:  (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Exclusions from the Settlement Class

(12)     Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude themselves to the Settlement Administrator, Class Counsel, and Defendant's counsel at the addresses provided in the Notice, postmarked no later than 114 days after the entry of this Order (the "Opt-Out Deadline") and sent via first class postage pre-paid United States mail.  The written notification must include the name of one of the constituent actions in this Court: *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); or *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.); the full name, address, email address, and telephone number of the Settlement Class Member; and the words "Request for Exclusion" at the top of the document or a statement in the

body of the document requesting exclusion from the Settlement.  If the Settlement Class Member fails to provide all the required information on or before the deadlines specified in the Settlement and fails to cure any deficiency within the time allowed in the Settlement, then their attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

(13)    All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement.  Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement.  If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders and judgments in this matter, the Settlement, including but not limited to the releases set forth in the Settlement, and the Final Approval Order and Judgment.

(14)    The Settlement Administrator shall provide the Parties with copies of all opt-out notifications promptly upon receipt and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement.

### Objections to the Settlement

(15)    A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

(16)    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) electronically filed with the Court by the Objection Deadline;

6

or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Defendant's Counsel, at the addresses listed in the Notice, and postmarked by no later than the Objection Deadline, which shall be 114 days after the entry of this Order, as specified in the Notice. Objections shall not exceed twenty-five (25) pages.  For the objection to be considered by the Court, the objection shall set forth:

a. the name of one of the constituent actions of the Litigation: *McPherson v. American Bank Systems, Inc.*, No. 5:20-cv-01307-G (W.D. Okla.); or *Lyles v. American Bank Systems, Inc.*, No. 5:21-cv-00023-G (W.D. Okla.);

b. the full name, address, email address, and telephone number of the objecting Settlement Class Member;

c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d. whether the objection applies only to the objecting Settlement Class Member, a specific subset of the Settlement Class, or the entire Settlement Class;

e. all grounds for the objection stated, with specificity, accompanied by any legal support for the objection;

f. the identity of all counsel who represent the objecting Settlement Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, Class Counsel's request for attorneys' fees, expenses, Service Awards, and/or notice and administration costs;

g. the identity of all representatives (including counsel representing the objecting Settlement Class Member) who will appear at the Final Approval Hearing;

h. the number of times in which the objecting Settlement Class Member has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

i. the number of times in which the objecting Settlement Class Member's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector filed the objection, the caption of each case in which the counsel or the firm has made such an objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

j. if the objecting Settlement Class Member is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include: (i) a description of the attorney's

legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

k. any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objector or objector's counsel and any other person or entity;

l. a description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

m. a statement indicating whether the objecting Settlement Class Member intends to personally appear and/or testify at the Final Approval Hearing; and

n. the objecting Settlement Class Member's (or the objecting Settlement Class Member's attorney's) signature on the written objection.

(17)    In addition, any Settlement Class Member that objects to the proposed Settlement must make themselves available to be deposed regarding the grounds for their objection and must provide along with their objection the dates when the objector will be available to be deposed within 10 days after the objection is filed.

(18)    Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights they may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved.  Any Settlement Class Member who both objects to the Settlement and opts out will be deemed to have opted out and the objection shall be deemed null and void.

## Claims Process and Distribution Plan

(19)    The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(20)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form.  If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

## Termination of the Settlement and Use of this Order

(21)    This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(22)    If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by

or against any Settlement Class Representative or any other Settlement Class Member that their claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims they may have in this Litigation or in any other lawsuit.

### Stay of Proceedings

(23)     Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

(24)      The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions by Settlement Class Members

(25)     The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendant related to the Data Security Incident.

### Summary of Deadlines

(26)     The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include but are not limited to the following:

- Notice Deadline: _____ [45 days after entry of this Order]

- Objection and Opt-Out Deadline: _____ [114 days after entry of this Order]

- Claims Deadline: _____ [180 days after entry of this Order]

- Final Approval Hearing: _____ [a date to be set by the Court no earlier than 135 days after entry of this order]

- Application for Attorneys' Fees, Expenses and Service Awards ("Fee Application"): _____ [100 days after entry of this Order]

- Motion for Final Approval of the Settlement ("Final Approval Motion"): _____ [100 days after entry of this Order]

- Objectors', if any, Response to Final Approval Motion and Fee Application: _____ [114 days after entry of this Order]

- Replies in Support of Final Approval and Fee Motion: _____ [128 days after entry of this Order]

**IT IS SO ORDERED** this _____ day of _____, 2021.


_____
Hon. Charles Goodwin
United States District Judge

# Exhibit F

Proposed Final Approval Order

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY MCPHERSON, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>AMERICAN BANK SYSTEMS, INC.,<br><br>                           Defendant. | Civil Action No. 5:20-cv-01307-G |
| LARRY LYLES, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>AMERICAN BANK SYSTEMS, INC.<br><br>                           Defendant. | Civil Action No. 5:21-cv-00023-G |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On _____ **[DATE]**, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. ____) of the Settlement between Mitchell Lautman, Tracy McPherson, and Larry Lyles (collectively, "Plaintiffs"), for themselves and on behalf of the Settlement Class, and American Bank Systems, Inc. ("ABS" or "Defendant"), as memorialized in Exhibit __ (Doc. __) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;[1]

On _____ **[DATE]**, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Litigation, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing;

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

On _____ **[DATE]**, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits, and Class Counsel filed their Application for Attorneys' Fees, Expenses, Notice and Administration Costs, and Service Awards and accompanying Memorandum of Law and supporting exhibits ("Fee Application");

On _____ **[DATE]**, the Court held a final approval hearing to determine, among other things:  (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Complaints with prejudice.  Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees, expenses, notice and administration costs, and the payment of Service Awards.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, expenses, notice and administration costs, and the application for Service Awards, and having reviewed the materials in support thereof, and good cause appearing in the record, Plaintiffs' Final Approval Motion is **GRANTED**, and Class Counsel's Fee Application is **GRANTED**, and:

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.  The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.  The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief.  The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.      The Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.      The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.        _____ objections were filed by Settlement Class Members.  The Court has considered all objections and finds the objections do not counsel against Settlement approval, and the objections are hereby overruled in all respects.

8.        All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9.        A list of those putative Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of _____, filed in advance of the final approval hearing.  That list is attached as Exhibit A to this Order.  The persons and/or entities listed in Exhibit A are not bound by the Settlement, this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement.  Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

## CLASS CERTIFICATION

10.        For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals in the United States, and its territories, whose PII was compromised in the Data Security Incident involving American Bank Systems which occurred between October and November 2020.
>
> Excluded from the Settlement Class are the Court, and any immediate family members of the Court; directors, officers, and employees of Defendant; parents, subsidiaries, and any entity in which Defendant has a controlling interest; and individuals who timely and validly request exclusion from the Settlement Class.

11.        The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of

law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12.    The Court grants final approval to the appointment of Plaintiffs as Settlement Class Representatives.  The Court concludes that Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13.    The Court grants final approval to the appointment, pursuant to Rule 23(g), of Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP, and Gary F. Lynch of Carlson Lynch, LLP as Class Counsel.  The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## <u>NOTICE TO THE SETTLEMENT CLASS</u>

14.    The Court finds that the Notice Program, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.    The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

## AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

16.     The Court has considered Class Counsel's Fee Application.

17.     The Court grants Class Counsel's request for Service Awards and awards $1,500 to each Plaintiff: Mitchell Lautman, Tracy McPherson, and Larry Lyles.  The Court finds that this payment is justified by their service to the Settlement Class.  These Service Awards shall be paid from the Common Fund in accordance with the Settlement.

18.     Pursuant to Rule 23(h) and relevant Tenth Circuit authority, the Court awards Class Counsel $_____ as an award of reasonable attorneys' fees, expenses, Service Awards, and notice and settlement administration costs to be paid out of the Common Fund in accordance with the Settlement.  The Court finds the amount of fees and expenses to be fair and reasonable.

19.     This award of attorneys' fees, expenses, Service Awards, and notice and settlement administration costs is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## OTHER PROVISIONS

20.     The Parties to the Settlement shall carry out their respective obligations thereunder.

21.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

22.     As of the Effective Date, the Releasing Parties, each on behalf of themselves and any heirs, beneficiaries, successors, or assigns, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendants' Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown

(including Unknown Claims[2]), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, administrative, statutory, or equitable, that are, were or could have been asserted in the Litigation or the Complaints, including, but not limited to, claims that result from, arise out of, are based upon, or relate to the Data Security Incident, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) the disclosure of Settlement Class Members' PII; (b) ABS's maintenance of Settlement Class Members' PII during the Class Period; (c) information security policies and practices; (d) the allegations, facts, and/or circumstances described in the Litigation and/or Complaints; (e) ABS's response to and notices about the Data Security Incident; and (f) any event, matter, dispute, or thing in whole or in part, directly or indirectly, that relates to or arises out the Data Security Incident and (a) through (e) (the "Released Claims"), above, provided that nothing in this Release is intended to, does, or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.

23.     The Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation:  any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States; causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided

---

[2]     As further defined in the Settlement Agreement.

for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

24.    Settlement Class Members are deemed to have waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

25.    As of the Effective Date, Defendants' Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiffs' Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation, except for claims relating to the

enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

26.     The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendants' Released Persons or prosecuting any claim based on any actions taken by any of the Defendants' Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment.  It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

27.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against ABS of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of ABS or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

28.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

29.     The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

30.     The Court hereby dismisses the Litigation and Complaints and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

31.     Consistent with the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into the Settlement.  In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

32.     Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

33.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request

of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Order and Judgment.

**ENTERED:**

DATED: _____, 2021

By: _____
    Hon. Charles Goodwin
    United States District Judge