UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY MCPHERSON, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-20-1307-G |
| AMERICAN BANK SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LARRY LYLES, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-21-23-G |
| AMERICAN BANK SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

Now before the Court Plaintiffs Tracy McPherson and Larry Lyles' Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 57) and Motion for Attorneys' Fees and Costs and Approval of Service Awards to Representative Plaintiffs (Doc. No. 58).[1] On March 8, 2022, the Court issued an Order (Doc. No. 56, the

---

[1] The Court consolidated McPherson and Lyles' actions, finding that both lawsuits asserted identical claims against the same Defendant arising from the same data breach (Doc. No. 34). Plaintiffs McPherson and Lyles are both members of the same class, and the Motions (Doc. Nos. 57, 58) are brought jointly pursuant to the same settlement agreement. This Order therefore addresses and applies to both actions and the Motions jointly. Docket references herein refer to the McPherson action docket.

"Preliminary Approval Order") preliminarily approving the class action settlement between Plaintiffs and Settlement Class Representatives Tracy McPherson and Larry Lyles, on behalf of themselves and the Settlement Class, and Defendant American Bank Systems, Inc. ("ABS"), set forth in the Settlement Agreement and Release dated June 29, 2021, including any exhibits attached thereto (Doc. No. 49-1, the "Settlement" or "Settlement Agreement").[2]

On July 29, 2022, the Court held a hearing on final approval of the Settlement Agreement and Plaintiffs' pending Motions (Doc. Nos. 57, 58). Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement Administrator (Doc. No. 65) confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees, expenses, notice and administration costs, and the payment of Service Awards.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees,

---

[2] The capitalized terms used in this Order and in the accompanying Judgment entered this same day shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

expenses, notice and administration costs, and the application for Service Awards, and having reviewed the materials in support thereof, for good cause shown, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 57) and Motion for Attorneys' Fees and Costs and Approval of Service Awards to Representative Plaintiffs (Doc. No. 58) are GRANTED.

The Court therefore ORDERS as follows:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of

the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## **OBJECTIONS AND OPT-OUTS**

7. No objections or briefs in opposition were filed by Settlement Class Members.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9. A list of those putative Settlement Class Members who have timely and validly elected to opt out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members") was submitted to the Court in advance of the final approval hearing. *See* Doc. Nos. 66, 66-1. That list is attached as Exhibit A to this Order. The persons and/or entities listed in Exhibit A are not bound by the Settlement, this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

## **CLASS CERTIFICATION**

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals in the United States, and its territories, whose PII was compromised in the Data Security Incident involving American Bank Systems which occurred between October and November 2020.
>
> Excluded from the Settlement Class are the Court, and any immediate family members of the Court; directors, officers, and employees of Defendant; parents, subsidiaries, and any entity in which Defendant has a controlling interest; and individuals who timely and validly request exclusion from the Settlement Class.

11. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12. The Court grants final approval to the appointment of Plaintiffs as Settlement Class Representatives. The Court concludes that Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13.     The Court grants final approval to the appointment, pursuant to Rule 23(g), of Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP, and Gary F. Lynch of Carlson Lynch, LLP as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

### NOTICE TO THE SETTLEMENT CLASS

14.     The Court finds that the Notice Program, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.     The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

### AWARD OF ATTORNEYS' FEES AND SERVICE AWARDS

16.     The Court has considered Class Counsel's Fee Application.

17.     The Court grants Class Counsel's request for Service Awards and awards $1,500 to Plaintiffs Tracy McPherson and Larry Lyles.[3] The Court finds that this payment

---

[3] Plaintiffs' Motion (Doc. No. 58) requests a service award for Mitchell Lautman, a plaintiff in a case filed in the United States District Court for the Western District of Pennsylvania against Defendant ABS and a member of the Settlement Class. Mr. Lautman, however, is

6

is justified by their service to the Settlement Class. These Service Awards shall be paid from the Common Fund in accordance with the Settlement.

18. Pursuant to Rule 23(h) and relevant Tenth Circuit authority, the Court awards Class Counsel $510,000 as an award of reasonable attorneys' fees and $16,946.57 in expenses to be paid out of the Common Fund in accordance with the Settlement. The Court finds the amount of fees and expenses to be fair and reasonable.

19. This award of attorneys' fees, expenses, and Service Awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

**OTHER PROVISIONS**

20. The Parties to the Settlement shall carry out their respective obligations thereunder.

21. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

22. As of the Effective Date, the Releasing Parties, each on behalf of themselves and any heirs, beneficiaries, successors, or assigns, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendants' Released Persons of and from any and all liabilities, rights, claims, actions, causes of

---

not a plaintiff or class representative in either of the two cases before this Court, and Plaintiffs' Motion does not demonstrate that Mr. Lautman played any role in the prosecution of the two actions before this Court. The Court therefore declines to award Mr. Lautman a service fee here.

action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims[4]), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, administrative, statutory, or equitable, that are, were or could have been asserted in the Litigation or the Complaints, including, but not limited to, claims that result from, arise out of, are based upon, or relate to the Data Security Incident, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) the disclosure of Settlement Class Members' PII; (b) ABS's maintenance of Settlement Class Members' PII during the Class Period; (c) information security policies and practices; (d) the allegations, facts, and/or circumstances described in the Litigation and/or Complaints; (e) ABS's response to and notices about the Data Security Incident; and (f) any event, matter, dispute, or thing in whole or in part, directly or indirectly, that relates to or arises out the Data Security Incident and (a) through (e) (the "Released Claims"), above, provided that nothing in this Release is intended to, does, or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Security Incident.

23.    The Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation: any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States; causes of action under the common or civil laws of any state in the United

---

[4]    As further defined in the Settlement Agreement.

8

States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

24.     Settlement Class Members are deemed to have waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.

9

25. As of the Effective Date, Defendants' Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiffs' Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

26. The Settlement Class Representatives and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Defendants' Released Persons or prosecuting any claim based on any actions taken by any of the Defendants' Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment. It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

27. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against ABS of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law,

or any liability of any kind on the part of ABS or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

28. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

29. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

30. The Court hereby dismisses the Litigation and Complaints and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

31. Consistent with the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

32. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

33. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Order and Judgment.

IT IS SO ORDERED this 27th day of March, 2023.

CHARLES B. GOODWIN
United States District Judge

# EXHIBIT A

## INDIVIDUALS WHO HAVE VALIDLY AND TIMELY REQUESTED EXCLUSION FROM THE CLASS

1. Susan T. Busby
2. Nicole F. DeMarco
3. Lonnie H. Duke
4. Effie A. Miller
5. John J. Miller
6. Joan S. Organiscak
7. Dale L. Sherman