## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TRACY MCPHERSON, on behalf of himself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. CIV-20-1307-G** |
| **AMERICAN BANK SYSTEMS, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

_____

| | | |
|---|---|---|
| **LARRY LYLES, on behalf of himself and others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. CIV-21-23-G** |
| **AMERICAN BANK SYSTEMS, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

## <u>ORDER</u>

On March 27, 2023, the Court granted final approval of the class action settlement

reached by the parties in these consolidated cases[1] and entered judgment in favor of the

---

[1] The Court consolidated the actions brought by Plaintiff Tracy McPherson and Plaintiff Larry Lyles, finding that both lawsuits asserted identical claims against Defendant arising from the same data breach. _See_ Order (Doc. No. 40). Plaintiffs McPherson and Lyles are both members of the same settlement class, and the Motions at issue herein are brought jointly pursuant to the same settlement agreement. This Order therefore addresses and applies to both actions and both pending Motions. Docket references herein are to filings in the _McPherson_ case, No. CIV-20-1307-G, unless otherwise stated.

settlement class and against Defendant American Bank Systems, Inc.  *See* Final Approval

Order (Doc. No. 73); J. (Doc. No. 74).

Now before the Court is the parties' Joint Motion (Doc. No. 75), requesting that the

Court order *cy pres* distribution of the funds remaining in the Common Fund.  No response

to the Joint Motion has been submitted by any individual or entity.

I.    *The* Cy Pres *Doctrine*

"In the class action context, *cy pres* refers to the practice of distributing settlement

funds not amenable to individual claims or meaningful pro rata distribution to nonprofit

organizations whose work is determined to indirectly benefit class members."  *Frank v.

Gaos*, 586 U.S. 485, 490-91 (2019).  The *cy pres* doctrine therefore "allows a court to

distribute unclaimed or non-distributable portions of a class action settlement fund to the

'next best' class of beneficiaries."  *Tennille v. W. Union Co.*, 809 F.3d 555, 560 n.2 (10th

Cir. 2015) (internal quotation marks omitted).

*Cy pres* distributions generally are "most appropriate where further individual

distributions are economically infeasible."  *In re Baby Prods. Antitrust Litig.*, 708 F.3d

163, 173 (3rd Cir. 2013).  Courts have broad discretion in shaping a *cy pres* award, and

they generally approve "charitable donations to organizations geared toward combating

harms similar to those that injured the class members."  *In re Linerboard Antitrust Litig.*,

No. MDL-1261, 2008 WL 4542669, at *3 (E.D. Pa. Oct. 3, 2008) (internal quotation marks

omitted); *see In re Easysaver Rewards Litig.*, 906 F.3d 747, 761 (9th Cir. 2018).

II.    *Discussion*

The parties state that, after making payments from the Common Fund of distributions to all known claimants, attorney's fees and expenses, administration costs, and service fees to Plaintiffs, "the residual amount of the Common Fund is $5,137.18." Barazesh Decl. ¶¶ 6-7 (Doc. No. 75-1).  The Joint Motion represents that, after paying expenses of up to $2899.12 to the Settlement Administrator, approximately $2238.06 will remain.  *See* Joint Mot. at 6; Barazesh Decl. ¶ 8.  Because the cost of sending additional residual checks to claimants would be approximately $10,000, it would not be economically feasible to issue another distribution to claimants.  Barazesh Decl. ¶ 9.

The parties' settlement agreement provides:

> <u>Cy Pres.</u>  On the one-year anniversary of the Final Approval Order by the Court, should there be any residual funds in the Common Fund after all distributions have been made, and should it not be administratively feasible to provide a second distribution to Settlement Class Members, Class Counsel and [Defendant] shall jointly agree upon, subject to Court approval, a *cy pres* recipient to which such residual funds from the Common Fund shall be distributed.  The *cy pres* recipient will be an organization devoted to consumer data privacy advocacy or cybersecurity education.

Settlement Agreement § 4.6 (Doc. No. 49-1).

Pursuant to their agreement, the parties now request that the residual funds be awarded to the National Council on Aging ("NCOA"), which is a nonprofit organization dedicated "to delivering the resources, tools, best practices, and advocacy our nation needs to ensure that every person can age with health and economic well-being."  Joint Mot. at 7 (internal quotation marks omitted).  The organization "provides financial educational resources to older adults and entities that serve that population," including "information on how to identify and avoid targeted cyber scams and other fraud."  *Id.*  The Joint Motion

asserts that, as "fraud made possible by the misuse of stolen [personally identifiable information] is central to the allegations of this case," "a *cy pres* distribution to NCOA will further the objectives of the underlying issues in the litigation." *Id.* at 8.

Upon consideration of the parties' representations, the relevant authorities, and the case record, the Court finds that further individual distributions are economically infeasible and that the requested *cy pres* distribution will provide an indirect benefit to the settlement class members. The unopposed Joint Motion ((Doc. No. 75, Case No. CIV-20-1307-G); (Doc. No. 54, Case No. CIV-21-23-G)) therefore is GRANTED.

IT IS ORDERED that the National Council on Aging is approved as the recipient of the *cy pres* distribution contemplated by the parties. It is further ORDERED that the Settlement Administrator shall distribute all remaining funds in the Common Fund's escrow account, after a final payment of expenses to the Settlement Administrator of up to $2899.12, to the National Council on Aging as the designated *cy pres* beneficiary.

IT IS SO ORDERED this 9th day of October, 2025.

CHARLES B. GOODWIN
United States District Judge